1 | **LEWIS BRISBOIS BISGAARD & SMITH** LLP
JOHN L. BARBER, SB# 160317
2 |   E-mail: barber@lbbslaw.com
RACHEL J. LEE, SB# 225263
3 |   E-mail: rlee@lbbslaw.com
PAUL MATA, SB# 256642
4 |   E-Mail: pmata@lbbslaw.com
221 North Figueroa Street, Suite 1200
5 | Los Angeles, California 90012
Telephone: 213.250.1800
6 | Facsimile: 213.250.7900

7 | Attorneys for Defendants

8 |

9 |



FILED
CLERK U.S. DISTRICT COURT

JUN 21 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

10 |                    **UNITED STATES DISTRICT COURT**

11 |                    **CENTRAL DISTRICT OF CALIFORNIA**

SACV12 1023 CJC (ANx)

12 |

13 | GRANT CASSERLY, on behalf of himself and all others similarly situated, | CASE NO.

14 |                   Plaintiff, | [Orange County Superior Court Case No. 30-2011-00480681]

15 |               vs. | **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

16 | RANDSTAD US, L.P., a Delaware limited partnership d/b/a "Randstad"; | **PURSUANT TO 28 U.S.C. §1331 (Federal Question)**

17 | RANDSTAD HORIZONS, L.P., a Delaware limited partnership d/b/a

18 | "Randstad"; RANDSTAD INHOUSE SERVICES, L.P., a Delaware limited

19 | partnership d/b/a "Randstad"; ACCOUNTANTS INTERNATIONAL, | Action Filed: June 1, 2011
Trial Date: None Set

20 | L.P., a California limited partnership d/b/a "Randstad"; B2B WORKFORCE,

21 | L.P., a limited partnership, jurisdiction unknown d/b/a "Randstad"; CLINICAL

22 | ONE, an entity, form and jurisdiction unknown d/b/a "Randstad";

23 | COMPLIANCE L.P., a Virginia limited partnership d/b/a "Randstad"; DB

24 | CONCEPTS, an entity, form and jurisdiction unknown d/b/a "Randstad"

25 | (dismissed); DELTA PHARMA, L.P., an Illinois limited partnership d/b/a

26 | "Randstad"; HUMAN RESOURCES INTERNATIONAL, an entity, form and

27 | jurisdiction unknown d/b/a "Randstad" (dismissed); LOCUM MEDICAL

28 | GROUP, an entity, form and jurisdiction

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-9026-8687.1

DEFENDANTS' NOTICE OF REMOVAL

1 | unknown d/b/a "Randstad"; OPIS, an
entity, form and jurisdiction unknown
2 | d/b/a "Randstad" (dismissed);
PLACEMENT PROS, L.P., a Delaware
3 | limited partnership d/b/a "Randstad";
RANDSTAD MANAGED SERVICES,
4 | an entity, form and jurisdiction unknown
d/b/a "Randstad" (dismissed);
5 | RANDSTAD PROFESSIONALS US,
L.P., a Delaware limited partnership
6 | d/b/a "Randstad"; SAPPHIRE
TECHNOLOGIES, L.P., a Delaware
7 | limited partnership d/b/a "Randstad";
THINK RESOURCES, L.P., a Georgia
8 | limited partnership d/b/a "Randstad";
RANDSTAD GENERAL PARTNER
9 | (US), LLC, a limited liability company,
jurisdication unknown; and DOES 1 to
10 | 100, inclusive,

11

                    Defendant.

12

13   **TO THE CLERK OF THE ABOVE-TITLED COURT:**

14

15       PLEASE TAKE NOTICE that Defendants RANDSTAD US, L.P.,

16 RANDSTAD HORIZONS, L.P., RANDSTAD INHOUSE SERVICES, L.P.,

17 ACCOUNTANTS INTERNATIONAL, L.P., B2B WORKFORCE, L.P.,

18 CLINICAL ONE, COMPLIANCE L.P., DELTA PHARMA, L.P., LOCUM

19 MEDICAL GROUP, PLACEMENT PROS, L.P., RANDSTAD PROFESSIONALS

20 US, L.P, SAPPHIRE TECHNOLOGIES, L.P., THINK RESOURCES, L.P. and

21 RANDSTAD GENERAL PARTNER (US), LLC (hereinafter "Defendants"), by and

22 through their counsel, remove the above-entitled action from the Superior Court of

23 the State of California for the County of Orange, to this Court based on its original

24 federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. In support of

25 their Notice of Removal, Defendants aver as follows:

26       1.    On June 1, 2011, Plaintiff GRANT CASSERLY ("Plaintiff") filed his

27 initial Complaint in the Superior Court of the State of California in and for the

28 County of Orange in the case entitled *Grant Casserly v. Randstad US, L.P., et. al.,*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-9026-8687.1

2

1   Case No. 30-2011-00480681.  A copy of the initial Complaint is attached hereto as

2   Exhibit A.

3          2.       On July 6, 2011, Defendants filed their Answer to the initial Complaint.

4   A copy of the Answer is attached hereto as Exhibit B.

5          3.       This action was removed to Federal Court on July 8, 2011 pursuant to

6   28 U.S.C. §§1332(d), 1441, 1446 and 1453.  On September 22, 2011, the case was

7   remanded back to Orange County Superior Court.  A copy of the initial Notice of

8   Removal is attached hereto as Exhibit C.

9          4.       On or about October 25, 2011, the parties submitted Case Management

10  Statements prior to the November 1, 2011 Case Management Conference.  Copies of

11  the Statements are attached hereto as Exhibit D.

12         5.       On December 29, 2011, Defendants DB Concepts, Human Resources

13  International, Opis, and Randstad Managed Services filed a Motion to Withdraw

14  Answer.  On February 2, 2012, the Motion was denied without prejudice.  Copies of

15  the Motion to Withdraw Answer and the subsequent Notice of Ruling are attached

16  hereto as Exhibit E.

17         6.       On February 21, 2011, Plaintiff submitted a Joint Case Management

18  Conference Statement on behalf of the parties.  A copy of the Statement is attached

19  hereto as Exhibit F.

20         7.       On April 25, 2012, Plaintiff filed a Notice of Submission of Petition for

21  Coordination.  A copy of the Notice is attached hereto as Exhibit G.

22         8.       On June 1, 2012, Plaintiff, pursuant to a stipulation between the parties,

23  filed his First Amended Complaint in the Superior Court of the State of California in

24  and for the County of Orange. The stipulation was executed on behalf of Defendants

25  on June 1, 2012.  A copy of said First Amended Complaint is attached hereto as

26  Exhibit H.  A copy of said Stipulation Regarding Filing of First Amended

27  Complaint and [Proposed] Order is attached hereto as Exhibit I.  The First Amended

28  Complaint added, among other things, new allegations in the Seventh Cause of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Action for Unfair Business Practices which form the basis for this removal to

2  Federal Court.

3      9.    On June 11, 2012, Defendants first received notice that the Court had

4  signed the Order deeming the First Amended Complaint filed when Plaintiff served

5  them with a copy of the executed Order.  Attached hereto as Exhibit J is a copy of

6  the signed Order deeming the First Amended Complaint filed.  The Order was

7  signed on June 7, 2012, making the case one which is or has become removable

8  pursuant to 28 U.S.C. section 1446(b).  Thus, this notice is timely as it is being filed

9  within thirty days of the first receipt by Defendants of a copy of a pleading, motion,

10  or other papers from which it may first be ascertained that this action is removable.

11  *See* 28 U.S.C. § 1446(b).

12      10.    Pursuant to 28 U.S.C. § 1446(a), Defendants have attached all process,

13  pleadings and orders that have been filed, served, or received by the Defendants in

14  this action.  A true and correct copy of this Notice of Removal will be served upon

15  all parties and filed with the Clerk of the Orange County Superior Court, in

16  accordance with the provisions of 28 U.S.C. § 1446(d).

17      11.    This action is a civil action over which this Court has original federal

18  question jurisdiction under 28 U.S.C. §§ 1331 and is one which may be removed to

19  this Court by Defendants pursuant to 28 U.S.C. § 1441(b) as it is a civil action

20  founded on a claim or right arising in whole or in part under the Constitution, laws

21  or treaties of the United States.

22      12.    Removal is proper because Plaintiff's claims, as alleged in his

23  Complaint involve claims and/or issues that arise under, are intertwined with,

24  derive in whole or in part from, invoke and/or require application and/or

25  interpretation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201,

26  *et. seq.*, and/or the regulations promulgated thereunder by the United States

27  Department of Labor.  More specifically, "[t]his is a civil action seeking recovery"

28  of overtime wages and related penalties for all hours worked in excess of 40 per

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-9026-8687.1

DEFENDANTS' NOTICE OF REMOVAL

1  week resulting from "...Defendants' violations of...the <u>Fair Labor Standards Act</u>
2  (29 U.S.C. §§201, et seq.)..." in classifying Plaintiff and the putative class
3  members he seeks to represent as exempt employees. *See* Exhibit "H", First
4  Amended Complaint, page 3, ¶1. *See also id.* at page 30, ¶ 123 ("[T]he <u>Fair Labor</u>
5  <u>Standards Act</u>, 29 U.S.C. §201, et seq. (the "FLSA"), states that an employee must
6  be paid overtime pay (equal to one and one-half (1 1/2) times the employee's
7  regular rate of pay) for all hours worked in excess of forty (40) hours per week."),
8  page 30, ¶ 124 ("As set forth herein, the members of the Overtime Classes
9  regularly worked more than forty (40) hours per week, but were not paid overtime
10 pay by Defendants."), page 30-31, ¶ 125 ("However, the members of the Overtime
11 Classes were not "exempt" under the <u>FLSA,</u> because, inter alia, they are not paid a
12 salary of at least $455 per week, they were not exempt from overtime, including
13 under any bona fide executive, administrative, professional or any other exemption
14 pursuant to 29 U.S.C. §213(a) or (b) and/or Defendants' business does not qualify
15 as a "retail or service establishment" under 29 U.S.C. §207(i) and/or 29 C.F.R.
16 §779.316 and 779.3 17.")

17     13.    With respect to Plaintiff's purported FLSA claim and/or invocation
18 thereof, Plaintiff's First Amended Complaint alleges that, "Pursuant to 29 U.S.C.
19 §216(b), this Court has concurrent jurisdiction over claims involving the <u>FLSA.</u>"
20 *See id.* at page 30, ¶ 123.

21     14.    Accordingly, Plaintiff's First Amended Complaint invokes and/or
22 alleges claims and/or issues arising in whole or in part under the Constitution,
23 laws, or treaties of the United States, namely, the FLSA and the federal
24 regulations promulgated thereunder by the U.S. Department of Labor.
25 Supplemental jurisdiction is appropriate for claims brought under parallel state
26 law arising from the same nucleus of operative facts pursuant to 28 U.S.C. § 1367.

27     15.    Defendants are informed and believe that the events allegedly giving
28 rise to this action occurred within this judicial district.  Venue is proper in this

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4828-9026-8687.1
5
DEFENDANTS' NOTICE OF REMOVAL

District pursuant to 28 U.S.C. § 1441(a), because this District embraces the place in which the removal action was filed and has been pending.

Wherefore, Defendants respectfully request that the above-captioned action now pending in the State Court be removed to this United States District Court.

DATED: June 21, 2012                JOHN L. BARBER
                                        RACHEL J. LEE
                                        LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____ /s/ Rachel J. Lee _____
            Rachel J. Lee
            Attorneys for Defendants

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

| | |
|---|---|
| 1 | Kevin T. Barnes, Esq. (#138477)<br>Gregg Lander, Esq. (#194018) |
| 2 | LAW OFFICES OF KEVIN T. BARNES<br>5670 Wilshire Boulevard, Suite 1460 |
| 3 | Los Angeles, CA 90036-5664<br>Tel.: (323) 549-9100 / Fax: (323) 549-0101 |
| 4 | Email: Barnes@kbarnes.com |
| 5 | Joseph Antonelli, Esq. (#137039)<br>Janelle Carney, Esq. (#201570) |
| 6 | LAW OFFICE OF JOSEPH ANTONELLI<br>1000 Lakes Drive, Suite 450 |
| 7 | West Covina, CA 91790-2918<br>Tel.: (626) 917-6228 / Fax: (626) 917-7686 |
| 8 | Email: JAntonelli@antonellilaw.com |
| 9 | Ross E. Shanberg, Esq. (#179842)<br>Shane C. Stafford, Esq. (#216151) |
| 10 | SHANBERG STAFFORD LLP<br>19200 Von Karman Avenue, Suite 400 |
| 11 | Irvine, CA 92612-8512<br>Tel: (949) 622-5444 / Fax: (949) 622-5448 |
| 12 | Email: RShanberg@ssfirm.com |

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**06/01/2011** at 01:31:16 PM
Clerk of the Superior Court
By Enrique Veloz,Deputy Clerk

13  Attorneys for Plaintiff GRANT CASSERLY,
14  on behalf of himself and all others similarly situated

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF ORANGE**

| | | |
|---|---|---|
| 17 | GRANT CASSERLY, on behalf of himself and all others similarly situated, | Case No.: 30-2011-00480681-CU-OE-CXC |
| 18 | Plaintiffs, | **CLASS ACTION** |
| 19 | v. | **COMPLAINT FOR:** |
| 20 | RANDSTAD US, L.P., a Delaware limited partnership d/b/a "Randstad"; RANDSTAD | 1. **FAILURE TO PAY ALL OVERTIME WAGES;** |
| 21 | HORIZONS, L.P., a Delaware limited partnership d/b/a "Randstad"; RANDSTAD | 2. **FAILURE TO PROVIDE MEAL PERIODS;** |
| 22 | INHOUSE SERVICES, L.P., a Delaware limited partnership d/b/a "Randstad"; | 3. **FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS;** |
| 23 | ACCOUNTANTS INTERNATIONAL, L.P., a California limited partnership d/b/a | 4. **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS;** |
| 24 | "Randstad"; B2B WORKFORCE, L.P., a limited partnership, jurisdiction unkown | 5. **VIOLATIONS OF** LABOR CODE |
| 25 | d/b/a "Randstad"; CLINICAL ONE, an entity, form and jurisdiction unknown d/b/a | §203; |
| 26 | "Randstad"; COMPLIANCE L.P., a Virginia limited partnership d/b/a | 6. **UNFAIR BUSINESS PRACTICES; AND** |
| 27 | "Randstad"; DB CONCEPTS, an entity, form and jurisdiction unknown d/b/a | 7. **DECLARATORY RELIEF** |
| 28 | "Randstad"; DELTA PHARMA, L.P., an | **DEMAND FOR JURY TRIAL**<br>Judge Ronald L. Bauer |

CASSERLY V. RANDSTAD - COMPLAINT

EXHIBIT A

1  Illinois limited partnership d/b/a
   "Randstad"; HUMAN RESOURCES
2  INTERNATIONAL, an entity, form and
   jurisdiction unknown d/b/a "Randstad";
3  LOCUM MEDICAL GROUP, an entity,
   form and jurisdiction unknown d/b/a
4  "Randstad"; OPIS, an entity, form and
   jurisdiction unknown d/b/a "Randstad";
5  PLACEMENT PROS, L.P., a Delaware
   limited partnership d/b/a "Randstad";
6  RANDSTAD MANAGED SERVICES, an
   entity, form and jurisdiction unknown d/b/a
7  "Randstad"; RANDSTAD
   PROFESSIONALS US, L.P., a Delaware
8  limited partnership d/b/a "Randstad";
   SAPPHIRE TECHNOLOGIES, L.P., a
9  Delaware limited partnership d/b/a
   "Randstad"; THINK RESOURCES, L.P., a
10 Georgia limited partnership d/b/a
   "Randstad"; and DOES 1 to 100, inclusive,
11
          Defendants.
12

13        Plaintiff GRANT CASSERLY, an individual on behalf of himself and all others similarly

14 situated (hereinafter collectively referred to as "Plaintiffs"), hereby files this Complaint against

15 Defendants RANDSTAD US, L.P., RANDSTAD HORIZONS, L.P., RANDSTAD INHOUSE

16 SERVICES, L.P., ACCOUNTANTS INTERNATIONAL, L.P., B2B WORKFORCE, L.P.,

17 CLINICAL ONE, COMPLIANCE L.P., DB CONCEPTS, DELTA PHARMA, L.P., HUMAN

18 RESOURCES INTERNATIONAL, LOCUM MEDICAL GROUP, OPIS, PLACEMENT PROS,

19 L.P., RANDSTAD MANAGED SERVICES, RANDSTAD PROFESSIONALS US, L.P.,

20 SAPPHIRE TECHNOLOGIES, L.P., THINK RESOURCES, L.P. and DOES 1 to 100 (hereinafter

21 collectively referred to as "Defendants"). Plaintiffs are informed and believe, and on the basis of

22 that information and belief, allege as follows:

23                                     I.

24                           **INTRODUCTION**

25        1.      This is a civil action seeking recovery for Defendants' violations of California

26 Labor Code ("Labor Code") §§1194, et seq., Labor Code §§200, et seq., Labor Code §§500, et

27 seq., California Business and Professions Code ("B&PC") §§17000, et seq. and §§17200, et seq.,

28

CASSERLY V. RANDSTAD - COMPLAINT

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL.: (323) 549-9100
FAX: (323) 549-0101
WWW.BARNESLAW.COM

1    the applicable Wage Orders issued by the California Industrial Welfare Commission (hereinafter,

2    the "IWC Wage Orders") and related common law principles.

3        2.    Plaintiffs' action seeks monetary damages, including full restitution from

4    Defendants as a result of Defendants' unlawful, fraudulent and/or unfair business practices.

5        3.    The acts complained of herein occurred, occur and will occur, at least in part,

6    within the time period from four (4) years preceding the filing of the original Complaint herein,

7    up to and through the time of trial for this matter.

8    RELEVANT JOB TITLES

9        4.    The relevant job titles in this action are:

10           a.    Defendants' California-based "Account Managers" (hereinafter including any

11                of Defendants' job positions with substantially similar titles and/or duties) and

12           b.    Defendants' California-based "Recruiters" (hereinafter including any of

13                Defendants' job positions with substantially similar titles and/or duties).

14       5.    Defendants' California-based Account Managers and Recruiters are paid by

15   Defendants on a salaried plus commission basis.

16       6.    The general obligations and responsibilities of Defendants' California-based

17   Account Managers and Recruiters, respectively, are virtually identical from region to region,

18   district to district, facility to facility, and employee to employee. Any differences in job activities

19   between the different individuals in these positions were and are legally insignificant to the

20   issues presented by this action.

21   SUMMARY OF CLAIMS

22       7.    With regard to Defendants' California-based Account Managers and Recruiters,

23   Defendants have:

24           a.    Failed to pay state-mandated overtime wages for all overtime hours worked;

25           b.    Failed to provide meal periods;

26           c.    Failed to authorize and permit paid rest periods;

27           d.    Failed to timely furnish accurate itemized wage statements;

28           e.    Violated Labor Code §203; and

LAW OFFICES OF
KEVIN T. BARNES
1670 WILSHIRE BLVD.
SUITE 3444
LOS ANGELES, CA
90036-6604
TEL: (323) 549-9100
FAX: (323) 549-0101
www.BROADWAGES.com

- 3 -

CASSERLY V. RANDSTAD - COMPLAINT

1       f.   Conducted unfair business practices.

2                                    II.

3                                 __PARTIES__

4   __PLAINTIFF GRANT CASSERLY__

5       8.      Plaintiff GRANT CASSERLY is an individual over the age of eighteen (18) and is

6   now and/or at all times mentioned in this Complaint was a resident of the State of California.

7       9.      Plaintiff GRANT CASSERLY worked for Defendants as a California-based

8   Account Manager from approximately October 18, 2010 to February 2011 and as a California-

9   based Recruiter from approximately February 2011 to March 2011 in Defendants' Irvine,

10  California office.

11      10.     Plaintiff GRANT CASSERLY seeks recovery herein from Defendants because

12  with regard to Plaintiff GRANT CASSERLY, while acting for Defendants in his capacity as a

13  California-based Account Manager, Defendants have:

14          a.   Failed to pay state-mandated overtime wages for all overtime hours worked;

15          b.   Failed to provide meal periods;

16          c.   Failed to authorize and permit paid rest periods;

17          d.   Failed to timely furnish accurate itemized wage statements;

18          e.   Violated __Labor Code__ §203; and

19          f.   Conducted unfair business practices.

20      11.     Further, Plaintiff GRANT CASSERLY seeks recovery herein from Defendants

21  because with regard to Plaintiff GRANT CASSERLY, while acting for Defendants in his

22  capacity as a California-based Recruiter, Defendants have:

23          a.   Failed to pay state-mandated overtime wages for all overtime hours worked;

24          b.   Failed to provide meal periods;

25          c.   Failed to authorize and permit paid rest periods;

26          d.   Failed to timely furnish accurate itemized wage statements;

27          e.   Violated __Labor Code__ §203; and

28          f.   Conducted unfair business practices.

Law Offices of
KEVIN T. BARNES
5850 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-6254
Tel.: (323) 549-9100
Fax: (323) 549-0101
www.barneslaw.com

__CASSERLY V. RANDSTAD - COMPLAINT__

1  DEFENDANT, RANDSTAD US, L.P. d/b/a "Ranstad"

2      12.    Defendant RANDSTAD US, L.P. is now and/or at all times mentioned in this

3  Complaint was a Delaware limited partnership and the owner and operator of an industry,

4  business and/or facility licensed to do business and actually doing business in the State of

5  California.

6  DEFENDANT, RANDSTAD HORIZONS, L.P. d/b/a "Ranstad"

7      13.    Defendant RANDSTAD HORIZONS, L.P. is now and/or at all times mentioned in

8  this Complaint was a Delaware limited partnership and the owner and operator of an industry,

9  business and/or facility licensed to do business and actually doing business in the State of

10 California.

11 DEFENDANT, RANDSTAD INHOUSE SERVICES, L.P. d/b/a "Ranstad"

12     14.    Defendant RANDSTAD INHOUSE SERVICES, L.P. is now and/or at all times

13 mentioned in this Complaint was a Delaware limited partnership and the owner and operator of

14 an industry, business and/or facility licensed to do business and actually doing business in the

15 State of California.

16 DEFENDANT, ACCOUNTANTS INTERNATIONAL, L.P. d/b/a "Ranstad"

17     15.    Defendant ACCOUNTANTS INTERNATIONAL, L.P. is now and/or at all times

18 mentioned in this Complaint was a California limited partnership and the owner and operator of

19 an industry, business and/or facility licensed to do business and actually doing business in the

20 State of California.

21 DEFENDANT, B2B WORKFORCE, L.P. d/b/a "Ranstad"

22     16.    Defendant B2B WORKFORCE, L.P. is now and/or at all times mentioned in this

23 Complaint was a limited partnership, jurisdiction unknown, and the owner and operator of an

24 industry, business and/or facility licensed to do business and actually doing business in the State

25 of California.

26 DEFENDANT, CLINICAL ONE d/b/a "Ranstad"

27     17.    Defendant CLINICAL ONE is now and/or at all times mentioned in this

28 Complaint was an entity, form and jurisdiction unknown, and the owner and operator of an

LAW OFFICES OF
KENNETH J. SARGOY
8730 WILSHIRE BLVD.
SUITE 1400
LOS ANGELES, CA
90211-3614
PHONE (323) 549-0100
FAX (323) 549-0101

- 5 -
CASSERLY V. RANDSTAD - COMPLAINT

11

1  industry, business and/or facility licensed to do business and actually doing business in the State

2  of California.

3  <u>DEFENDANT, COMPLIANCE L.P. d/b/a "Ranstad"</u>

4      18.    Defendant COMPLIANCE L.P. is now and/or at all times mentioned in this

5  Complaint was a Virginia limited partnership and the owner and operator of an industry,

6  business and/or facility licensed to do business and actually doing business in the State of

7  California.

8  <u>DEFENDANT, DB CONCEPTS d/b/a "Ranstad"</u>

9      19.    Defendant DB CONCEPTS is now and/or at all times mentioned in this

10  Complaint was an entity, form and jurisdiction unknown, and the owner and operator of an

11  industry, business and/or facility licensed to do business and actually doing business in the State

12  of California.

13  <u>DEFENDANT, DELTA PHARMA, L.P. d/b/a "Ranstad"</u>

14      20.    Defendant DELTA PHARMA, L.P. is now and/or at all times mentioned in this

15  Complaint was an Illinois limited partnership and the owner and operator of an industry,

16  business and/or facility licensed to do business and actually doing business in the State of

17  California.

18  <u>DEFENDANT, HUMAN RESOURCES INTERNATIONAL d/b/a "Ranstad"</u>

19      21.    Defendant HUMAN RESOURCES INTERNATIONAL is now and/or at all times

20  mentioned in this Complaint was an entity, form and jurisdiction unknown, and the owner and

21  operator of an industry, business and/or facility licensed to do business and actually doing

22  business in the State of California.

23  <u>DEFENDANT, LOCUM MEDICAL GROUP d/b/a "Ranstad"</u>

24      22.    Defendant LOCUM MEDICAL GROUP is now and/or at all times mentioned in

25  this Complaint was an entity, form and jurisdiction unknown, and the owner and operator of an

26  industry, business and/or facility licensed to do business and actually doing business in the State

27  of California.

28  ///

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5614
Tel. (323) 549-9100
Fax (323) 549-0101
kbarnes@kbarnes.com

- 6 -

CASSERLY V. RANDSTAD - COMPLAINT

DEFENDANT, OPIS d/b/a "Ranstad"

23.     Defendant OPIS is now and/or at all times mentioned in this Complaint was an entity, form and jurisdiction unknown, and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DEFENDANT, PLACEMENT PROS, L.P. d/b/a "Ranstad"

24.     Defendant PLACEMENT PROS, L.P. is now and/or at all times mentioned in this Complaint was a Delaware limited partnership and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DEFENDANT, RANDSTAD MANAGED SERVICES d/b/a "Ranstad"

25.     Defendant RANDSTAD MANAGED SERVICES is now and/or at all times mentioned in this Complaint was an entity, form and jurisdiction unknown, and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DEFENDANT, RANDSTAD PROFESSIONALS US, L.P. d/b/a "Ranstad"

26.     Defendant RANDSTAD PROFESSIONALS US, L.P. is now and/or at all times mentioned in this Complaint was a Delaware limited partnership and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DEFENDANT, SAPPHIRE TECHNOLOGIES, L.P. d/b/a "Ranstad"

27.     Defendant SAPPHIRE TECHNOLOGIES, L.P. is now and/or at all times mentioned in this Complaint was a Delaware limited partnership and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

DEFENDANT, THINK RESOURCES, L.P. d/b/a "Ranstad"

28.     Defendant THINK RESOURCES, L.P. is now and/or at all times mentioned in this Complaint was a Georgia limited partnership and the owner and operator of an industry, business and/or facility licensed to do business and actually doing business in the State of California.

1  DOES 1 TO 100, INCLUSIVE

2    29.    DOES 1 to 100, inclusive are now, and/or at all times mentioned in this

3  Complaint were licensed to do business and/or actually doing business in the State of California.

4    30.    Plaintiffs do not know the true names or capacities, whether individual, partner or

5  corporate, of DOES 1 to 100, inclusive and for that reason, DOES 1 to 100 are sued under such

6  fictitious names pursuant to California Code of Civil Procedure ("CCP") §474.

7    31.    Plaintiffs will seek leave of court to amend this Complaint to allege such names and

8  capacities as soon as they are ascertained.

9  ALL DEFENDANTS

10    32.    Defendants, and each of them, are now and/or at all times mentioned in this

11  Complaint were in some manner legally responsible for the events, happenings and circumstances

12  alleged in this Complaint.

13    33.    Defendants, and each of them, proximately subjected Plaintiffs to the unlawful

14  practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

15    34.    Defendants, and each of them, are now and/or at all times mentioned in this

16  Complaint were the agents, servants and/or employees of some or all other Defendants, and vice-

17  versa, and in doing the things alleged in this Complaint, Defendants are now and/or at all times

18  mentioned in this Complaint were acting within the course and scope of that agency, servitude

19  and/or employment.

20    35.    Defendants, and each of them, are now and/or at all times mentioned in this

21  Complaint were members of and/or engaged in a joint venture, partnership and common

22  enterprise, and were acting within the course and scope of, and in pursuance of said joint

23  venture, partnership and common enterprise.

24    36.    Defendants, and each of them, at all times mentioned in this Complaint concurred

25  and contributed to the various acts and omissions of each and every one of the other Defendants

26  in proximately causing the complaints, injuries and/or damages alleged in this Complaint.

27  ///

28  ///

- 8 -

CASSERLY V. RANDSTAD - COMPLAINT

37. Defendants, and each of them, at all times mentioned in this Complaint approved of, condoned and/or otherwise ratified each and every one of the acts and/or omissions alleged in this Complaint.

38. Defendants, and each of them, at all times mentioned in this Complaint aided and abetted the acts and omissions of each and every one of the other Defendants thereby proximately causing the damages alleged in this Complaint.

### III.

### JURISDICTION AND VENUE

39. The California Superior Court has jurisdiction in this matter due to Defendants' aforementioned violations of California statutory law and/or related common law principles.

40. The California Superior Court also has jurisdiction in this matter because both the individual and aggregate monetary damages and restitution sought herein exceed the minimal jurisdictional limits of the Superior Court and will be established at trial, according to proof.

41. The California Superior Court also has jurisdiction in this matter because during their employment with Defendants, Plaintiff GRANT CASSERLY and the members of the putative Classes herein were all California citizens. Further, the individual claims of Plaintiff GRANT CASSERLY and the members of the putative Classes herein, including each such putative Class Member's pro-rata share of attorneys' fees and all other requested relief, are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for Federal Court and the aggregate claims, including attorneys' fees and all other requested relief, are under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005. Further, there is no federal question at issue, as the issues herein are based solely on California statutes and law.

42. Venue is proper in Orange County pursuant to CCP §395(a) and CCP §395.5 in that liability arose there because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each Defendant either is found, maintains offices, transacts business, and/or has an agent therein.

///
///

**15**

**CASSERLY V. RANDSTAD - COMPLAINT**

## IV.

## CLASS ACTION ALLEGATIONS

43.     CCP §382 provides in pertinent part: "…[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs bring this suit as a class action pursuant to CCP §382.

44.     The Account Manager putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

a.  All California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to pay overtime wages for all overtime hours worked (hereinafter, the "Account Manager Overtime Class");

b.  All California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide the legally requisite meal periods (hereinafter, the "Account Manager Meal Period Class");

c.  All California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to authorize and permit the legally requisite rest periods (hereinafter, the "Account Manager Rest Period Class");

d.  All California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide accurate itemized wage statements (hereinafter, the "Account Manager Wage Statement Class");

e.  All formerly-employed California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period regarding whom Defendants failed to comply with Labor Code §203 (hereinafter, the "Account Manager LC 203 Class"); and

- 10 -

CASSERLY V. RANDSTAD - COMPLAINT

f.  All California-based Account Managers (as defined, supra) employed by Defendants during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as described herein (hereinafter, the "Account Manager 17200 Class").

45.  The Recruiter putative classes Plaintiffs will seek to certify are currently composed of and defined as follows:

a.  All California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to pay overtime wages for all overtime hours worked (hereinafter, the "Recruiter Overtime Class");

b.  All California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide the legally requisite meal periods (hereinafter, the "Recruiter Meal Period Class");

c.  All California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to authorize and permit the legally requisite rest periods (hereinafter, the "Recruiter Rest Period Class");

d.  All California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period whom Defendants classified as salaried exempt and therefore failed to provide accurate itemized wage statements (hereinafter, the "Recruiter Wage Statement Class");

e.  All formerly-employed California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period regarding whom Defendants failed to comply with Labor Code §203 (hereinafter, the "Recruiter LC 203 Class"); and

///

CASSERLY V. RANDSTAD - COMPLAINT

f.  All California-based Recruiters (as defined, supra) employed by Defendants during the appropriate time period regarding whom Defendants have engaged in unlawful, unfair and/or fraudulent business acts or practices prohibited by B&PC §17200, et seq. as described herein (hereinafter, the "Recruiter 17200 Class").

46.  The Account Manager Overtime Class, Account Manager Meal Period Class, Account Manager Rest Period Class, Account Manager Wage Statement Class, Account Manager LC 203 Class, Account Manager 17200 Class, Recruiter Overtime Class, Recruiter Meal Period Class, Recruiter Rest Period Class, Recruiter Wage Statement Class, Recruiter LC 203 Class and Recruiter 17200 Class are herein collectively referred to as the "Classes."

47.  Throughout discovery in this litigation, Plaintiffs may find it appropriate and/or necessary to amend the definition of the Classes. Plaintiffs will formally define and designate a class definition at such time when Plaintiffs seek to certify the Classes alleged herein.

48.  Numerosity (CCP §382):

a.  The potential quantity of members of the Classes as defined is so numerous that joinder of all members is unfeasible and impractical;

b.  The disposition of the claims of the members of the Classes through this class action will benefit both the parties and this Court;

c.  The quantity of members of the Classes is unknown to Plaintiffs at this time; however, it is estimated that the membership of the Classes numbers greater than 100 individuals; and

d.  The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

49.  Superiority (CCP §382): The nature of this action and the nature of the laws available to Plaintiffs make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiffs for the wrongs alleged herein, as follows:

a.  California has a public policy which encourages the use of the class action device;

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5697
Tel.: (323) 549-9100
Fax: (323) 549-0101
kevin@barn.com

CASSERLY V. RANDSTAD - COMPLAINT

b.  By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation;

c.  This case involves large corporate Defendants and a large number of individual Class members with many relatively small claims and common issues of law and fact;

d.  If each individual member of the Classes was required to file an individual lawsuit, the large corporate Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the Classes with Defendants' vastly superior financial and legal resources;

e.  Requiring each individual member of the Classes to pursue an individual remedy would also discourage the assertion of lawful claims by the members of the Classes who would be disinclined to pursue an action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being;

f.  Proof of a common business practice or factual pattern, of which the members of the Classes experienced, is representative of the Classes herein and will establish the right of each of the members of the Classes to recover on the causes of action alleged herein;

g.  Absent class treatment, the prosecution of separate actions by the individual members of the Classes, even if possible, would likely create:

i)  a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

///

ii)     a multiplicity of trials conducted at enormous expense to both the

judicial system and the litigants;

iii)    inconsistent or varying verdicts or adjudications with respect to the

individual members of the Classes against Defendants; and

iv)     potentially incompatible standards of conduct for Defendants;

v)      potentially incompatible legal determinations with respect to

individual members of the Classes which would, as a practical matter,

be dispositive of the interest of the other members of the Classes who

are not parties to the adjudications or which would substantially

impair or impede the ability of the members of the Classes to protect

their interests.

h.  The claims of the individual members of the Classes are not sufficiently large

to warrant vigorous individual prosecution considering all of the concomitant

costs and expenses attendant thereto;

i.  Courts seeking to preserve efficiency and other benefits of class actions

routinely fashion methods to manage any individual questions; and

j.  The Supreme Court of California urges trial courts, which have an obligation

to consider the use of innovative procedural tools to certify a manageable

class, to be procedurally innovative in managing class actions.

50.  **Well-defined Community of Interest:** Plaintiffs also meet the established

standards for class certification (see, e.g. Lockheed Martin Corp. v. Superior Court (2003) 29

Cal.4th 1096), as follows:

a.  Typicality: The claims of Plaintiff GRANT CASSERLY are typical of the

claims of all members of the Classes he seeks to represent because all

members of the Classes sustained injuries and damages arising out of

Defendants' common course of conduct in violation of law and the injuries

and damages of all members of the Classes were caused by Defendants'

wrongful conduct in violation of law, as alleged herein.

CASSERLY V. RANDSTAD - COMPLAINT

b.  Adequacy: Plaintiff GRANT CASSERLY:

    i)     is an adequate representative of the Classes he seeks to represent;

    ii)    will fairly protect the interests of the members of the Classes;

    iii)   has no interests antagonistic to the members of the Classes; and

    iv)   will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c.  Predominant Common Questions of Law or Fact: There are common questions of law and/or fact as to the members of the Classes which predominate over questions affecting only individual members of the Classes, including, without limitation:

    i)     Whether the members of the Account Manager and/or Recruiter Overtime Classes were paid overtime pay and/or double time pay for all hours worked in excess of eight (8) hours per day and/or forty (40) hours per week;

    ii)    Whether the members of the Account Manager and/or Recruiter Overtime Classes were uniformly and improperly classified as "exempt" in violation of the Labor Code and the IWC Wage Orders;

    iii)   Whether Defendants failed and continue to fail to provide meal periods to the members of the Account Manager and/or Recruiter Meal Period Classes in violation of the Labor Code and Section 11 of the IWC Wage Orders;

    iv)   Whether Defendants failed and continue to fail to authorize and permit paid rest periods to the members of the Account Manager and/or Recruiter Rest Period Classes in violation of the Labor Code and Section 12 of the IWC Wage Orders;

    v)    Whether Defendants failed to timely furnish accurate itemized statements to the members of the Account Manager and/or Recruiter Wage Statement Classes;

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
WWW.KBARNES.COM

vi)      Whether Defendants are liable pursuant to Labor Code §203;

vii)     Whether Defendants' conduct constitutes unfair competition within the meaning of B&PC §17200, et seq.;

viii)    Whether Defendants' conduct constitutes unfair business practices within the meaning of B&PC §17200, et seq.;

ix)      Whether the members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

x)       Whether the members of the Classes are entitled to injunctive relief;

xi)      Whether the members of the Classes are entitled to restitution; and

xii)     Whether Defendants are liable for attorneys' fees and costs.

51.     Whether each member of the Classes might be required to ultimately justify an individual claim does not preclude maintenance of a class action (see, e.g. Collins v. Rocha (1972) 7 Cal.3d 232, 238).

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES

### (On Behalf of the Account Manager and Recruiter Overtime Classes)

### (Against All Defendants)

52.     Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

53.     Labor Code §204 establishes the fundamental right of all employees in the State of California to be paid wages, including straight time and overtime, in a timely fashion for their work.

54.     Labor Code §510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek ... shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

Law Offices of
Kevin T. Barnes
5670 Wilshire Blvd.
Suite 1460
Los Angeles, CA
90036-5664
Tel.: (323) 549-9100
Fax: (323) 549-0101
KBarnes@KBarnes.com

CASSERLY V. RANDSTAD - COMPLAINT

55.   Labor Code §§1194(a) states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

56.   Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

57.   Defendants, as a matter of established company policy and procedure, at each and every one of the individual facilities owned and/or operated by Defendants, consistently:

    a.   Administered a uniform company policy and practice regarding the duties and responsibilities of the members of the Account Manager and Recruiter Overtime Classes;

    b.   Administered a uniform company policy and practice regarding the payment of wages to the members of the Account Manager and Recruiter Overtime Classes;

    c.   Scheduled to work and in fact required the members of the Account Manager and Recruiter Overtime Classes to work in excess of eight (8) hours per workday and/or in excess of forty (40) hours per workweek without paying straight time or overtime compensation for such excess hours worked;

    d.   Paid the members of the Account Manager and Recruiter Overtime Classes on a salary basis without straight time and/or overtime compensation paid for all work accomplished in excess of eight (8) hours per day and/or forty (40) hours per week;

    e.   Deemed each of the members of the Account Manager and Recruiter Overtime Classes exempt based on his or her job description rather than on any consideration of actual work performed;

///

- 17 -

**CASSERLY V. RANDSTAD - COMPLAINT**

f.  Kept no records of the actual work activities performed by the members of the Account Manager and Recruiter Overtime Classes;

g.  Conducted no studies of how members of the Account Manager and Recruiter Overtime Classes spent their work time;

h.  Did not train the members of the Account Manager and Recruiter Overtime Classes on the difference between exempt and nonexempt work;

i.  Did not employ the members of the Account Manager and Recruiter Overtime Classes using: i) an alternative workweek schedule adopted pursuant to Labor Code §511; ii) an alternative workweek schedule adopted pursuant a collective bargaining agreement pursuant to Labor Code §514; or iii) an alternative workweek schedule which is inapplicable here pursuant to Labor Code §554;

j.  Allocated and authorized inadequate staffing levels, with the advance knowledge and designed intent to place non-exempt tasks and duties squarely onto the shoulders of each and every one of the members of the Account Manager and Recruiter Overtime Classes; and

k.  Required that the members of the Account Manager and Recruiter Overtime Classes spend more than fifty percent (50%) of their work time performing non-exempt tasks.

58.  Further, the members of the Account Manager and Recruiter Overtime Classes:

a.  Did not perform duties and responsibilities which involved either:

   i.  The performance of office or non-manual work directly related to management policies or general business operations of his/her employer or his/her employer's customers; or

   ii.  The performance of functions in the administration of a school system, or educational establishment or institution, or of a department or subdivision thereof, in work directly related to the academic instruction or training carried on therein;

- 18 -

CASERLY V. RANDSTAD - COMPLAINT

Law Offices of
Kevin T. Barnes
1635 Wilshire Blvd.
Suite 1405
Los Angeles, CA
90025-3664
Tel: (323) 549-9100
Fax: (323) 549-0101
www.kevin.barnes.com

b.   Did not customarily and regularly exercise discretion and independent

judgment;

c.   Did not regularly and directly assist a proprietor, or an employee employed in

a bona fide executive or administrative capacity;

d.   Did not perform under only general supervision work along specialized or

technical lines requiring special training, experience or knowledge; and/or

e.   Were not primarily engaged in duties which meet the test of the

Administrative Exemption.

59.   Defendants' pattern, practice and uniform administration of corporate policy

regarding illegal employee compensation as described herein is unlawful and creates an

entitlement, pursuant to <u>Labor Code</u> §218 and <u>Labor Code</u> §1194(a), to recovery by the members

of the Account Manager and Recruiter Overtime Classes, in a civil action, for the unpaid balance

of the full amount of the straight time compensation and overtime premiums owing, including

interest thereon, reasonable attorneys' fees, and costs of suit.

60.   Defendants' misclassification as exempt of the members of the Account Manager

and Recruiter Overtime Classes was the rule, and therefore a class action is the most efficient

means of resolving the Account Manager and Recruiter Overtime Class Members' overtime

claims. (see, e.g. <u>Sav-On Drug Stores, Inc. v. Superior Court</u> (2004) 34 Cal.4th 319).

61.   Each Account Manager and Recruiter Overtime Class Member's claim to unpaid

overtime depends on whether he or she worked for Defendants during the relevant time period in

a position that was misclassified either deliberately (on a class basis) or circumstantially (as a

consequence of Defendants' class-wide policies and practices). That calculation of individual

damages may at some point be required does not foreclose the possibility of taking common

evidence on the misclassification questions. (see, e.g. <u>Collins v. Rocha</u> (1972) 7 Cal.3d 232;

<u>Hypolite v. Carleson</u> (1975) 52 Cal.App.3d 566; <u>Employment Development Dept. v. Superior</u>

<u>Court</u> (1981) 30 Cal.3d 256).

///

///

CASSERLY V. RANDSTAD - COMPLAINT

1   62.   Pursuant to <u>Labor Code</u> §218.6, <u>Labor Code</u> §1194(a) and <u>CC</u> §3287, the

2   members of the Account Manager and Recruiter Overtime Classes seek recovery of pre-

3   judgment interest on all amounts recovered herein.

4   63.   Pursuant to <u>Labor Code</u> §218.5 and/or <u>Labor Code</u> §1194, the members of the

5   Account Manager and Recruiter Overtime Classes request that the Court award reasonable

6   attorneys' fees and costs incurred by them in this action.

7   **SECOND CAUSE OF ACTION**

8   **FAILURE TO PROVIDE MEAL PERIODS**

9   **(On Behalf of the Account Manager and Recruiter Meal Period Classes)**

10   **(Against All Defendants)**

11   64.   Plaintiffs incorporate by reference and reallege each and every one of the

12   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

13   forth herein.

14   65.   <u>Labor Code</u> §226.7(a) provides that "No employer shall require any employee to

15   work during any meal or rest period mandated by an applicable order of the Industrial Welfare

16   Commission."

17   66.   <u>Labor Code</u> §512 provides that "An employer may not employ an employee for a

18   work period of more than five hours per day without providing the employee with a meal period

19   of not less than 30 minutes, except that if the total work period per day of the employee is no

20   more than six hours, the meal period may be waived by mutual consent of both the employer and

21   employee."

22   67.   <u>Labor Code</u> §512 further provides that "An employer may not employ an

23   employee for a work period of more than 10 hours per day without providing the employee with

24   a second meal period of not less than 30 minutes, except that if the total hours worked is no more

25   than 12 hours, the second meal period may be waived by mutual consent of the employer and the

26   employee only if the first meal period was not waived."

27   ///

28   ///

LAW OFFICES OF
KEVIN T. BARNES
1800 WILSHIRE BLVD.
SUITE 3650
LOS ANGELES, CA
90286-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
KEVIN@KBARNES.COM

68.     Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

69.     Section 11(A) of the IWC Wage Orders provides that "Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

70.     Section 11(B) of the IWC Wage Order(s) provides that "If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

71.     On one or more occasions, the members of the Account Manager and Recruiter Meal Period Classes worked over five (5) hours per shift and therefore were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

72.     Further, on one or more occasions, some members of the Account Manager and Recruiter Meal Period Classes worked over ten (10) hours per shift and therefore were entitled to a second meal period of not less than 30 minutes.

73.     The members of the Account Manager and Recruiter Meal Period Classes did not validly or legally waive their meal periods, by mutual consent with Defendants or otherwise.

74.     The members of the Account Manager and Recruiter Meal Period Classes did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

75.     As a matter of Defendants' established company policy, Defendants failed to always comply with the meal period requirements established by Labor Code §226.7, Labor Code §512, Labor Code §516 and Section 11 of the IWC Wage Order(s) by failing to always

CASSERLY V. RANDSTAD - COMPLAINT

1  provide the members of the Account Manager and Recruiter Meal Period Classes with a first and

2  in some cases a second legally compliant meal period.

3        76.    Pursuant to Section 11(B) of the IWC Wage Order(s) and Labor Code §226.7(b)

4  which states "if an employer fails to provide an employee a meal or rest period in accordance

5  with an applicable order of the industrial Welfare Commission, the employer shall pay the

6  employee one additional hour of pay at the employee's regular rate of compensation for each

7  work day that the meal or rest period is not provided," the members of the Account Manager and

8  Recruiter Meal Period Classes are entitled to damages in an amount equal to one (1) additional

9  hour of pay at each employee's regular rate of compensation for each work day that the meal

10  period was not provided, in a sum to be proven at trial.

11        77.    Pursuant to Labor Code §218.6 and CC §3287, the members of the Account

12  Manager and Recruiter Meal Period Classes seek recovery of pre-judgment interest on all

13  amounts recovered herein.

14        78.    Pursuant to Labor Code §218.5, the members of the Account Manager and

15  Recruiter Meal Period Classes request that the Court award reasonable attorneys' fees and costs

16  incurred by them in this action.

17                       **THIRD CAUSE OF ACTION**

18        **FAILURE TO AUTHORIZE AND PERMIT PAID REST PERIODS**

19        **(On Behalf of the Account Manager and Recruiter Rest Period Classes)**

20                      **(Against All Defendants)**

21        79.    Plaintiffs incorporate by reference and reallege each and every one of the

22  allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

23  forth herein.

24        80.    Labor Code §226.7(a) states: "No employer shall require any employee to work

25  during any meal or rest period mandated by an applicable order of the Industrial Welfare

26  Commission."

27  ///

28  ///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 22 -

**CASSERLY V. RANDSTAD - COMPLAINT**

81.   Labor Code §516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to break periods for any workers in California consistent with the health and welfare of those workers.

82.   Section 12(A) of the IWC Wage Order(s) states: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

83.   Section 12(B) of the IWC Wage Order(s) states: "If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

84.   The members of the Account Manager and Recruiter Rest Period Classes consistently worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment.

85.   As a matter of Defendants' established company policy, Defendants failed to authorize and permit the required rest periods established by Labor Code §226.7 and Labor Code §516 and Section 12 of the IWC Wage Order(s).

86.   Pursuant to Section 12 of the IWC Wage Order(s) and Labor Code §226.7(b) which states "if an employer fails to provide an employee a meal or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided," the members of the Account Manager and Recruiter Rest Period Classes are entitled to damages in an amount equal to one (1) additional hour of pay at each employee's regular rate of compensation for each work day that the rest period was not so provided.

28

1    87.    Pursuant to Labor Code §218.6 and CC §3287, the members of the Account

2    Manager and Recruiter Rest Period Classes seek recovery of pre-judgment interest on all

3    amounts recovered herein.

4    88.    Pursuant to Labor Code §218.5, the members of the Account Manager and

5    Recruiter Rest Period Classes request that the Court award reasonable attorneys' fees and costs

6    incurred by them in this action.

7                              **FOURTH CAUSE OF ACTION**

8    **FAILURE TO TIMELY FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**

9       **(On Behalf of the Account Manager and Recruiter Wage Statement Classes)**

10                            **(Against All Defendants)**

11   89.    Plaintiffs incorporate by reference and reallege each and every one of the

12   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

13   forth herein.

14   90.    Labor Code §226(a) states in pertinent part: "Every employer shall, semimonthly

15   or at the time of each payment of wages, furnish each of his or her employees, either as a

16   detachable part of the check, draft, or voucher paying the employee's wages, or separately when

17   wages are paid by personal check or cash, an accurate itemized statement in writing showing (1)

18   gross wages earned, (2) total hours worked by the employee... (4) all deductions... (5) net wages

19   earned, (6) the inclusive dates of the period for which the employee is paid... (8) the name and

20   address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during

21   each the pay period and the corresponding number of hours worked at each hourly rate by the

22   employee....".

23   91.    Further, the IWC Wage Orders §7(A) states in pertinent part: "(A) Every

24   employer shall keep accurate information with respect to each employee including the following:

25   (3) Time records showing when the employee begins and ends each work period. Meal periods,

26   split shift intervals, and total daily hours worked shall also be recorded...(5) Total hours worked

27   in the payroll period and applicable rates of pay...."

28   ///

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA.
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
WWW.KBARNESLAW.COM

**CASSERLY V. RANDSTAD - COMPLAINT**

92.     Therefore, pursuant to <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A), California employers are required to maintain accurate records pertaining to the total hours worked for Defendants by the members of the Account Manager and Recruiter Wage Statement Classes, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

93.     As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A), Defendants knowingly and intentionally did not and still do not furnish each of the members of the Account Manager and Recruiter Wage Statement Classes with an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) all deductions, (4) net wages earned and/or (5) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked at each hourly rate by each respective individual.

94.     As a pattern and practice, in violation of <u>Labor Code</u> §226(a) and the <u>IWC Wage Orders</u> §7(A), Defendants knowingly and intentionally did not and do not maintain accurate records pertaining to the total hours worked for Defendants by the members of the Account Manager and Recruiter Wage Statement Classes, including but not limited to, beginning and ending of each work period, meal period and split shift interval, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay.

95.     The members of the Account Manager and Recruiter Wage Statement Classes have suffered injury as a result of Defendants' knowing and intentional failure to maintain accurate records for the members of the Account Manager and Recruiter Wage Statement Classes in that the members of the Account Manager and Recruiter Wage Statement Classes were not timely provided written accurate itemized statements showing all requisite information, including but not limited to total hours worked by the employee, net wages earned and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate, in violation of <u>Labor Code</u> §226 and the <u>IWC Wage Orders</u> §7(A), such that the members of the Account Manager and Recruiter Wage Statement Classes were

CASSE... ... ...DSTAD    COMPLAINT

LAW OFFICES OF
KEVIN T. BARNES
1800 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-6634
TEL.: (323) 549-9100
FAX:(323) 549-0101
www.kbarneslaw.com

1   misled by Defendants as to the correct information regarding various items, including but not

2   limited to total hours worked by each employee, net wages earned and all applicable hourly rates

3   in effect during the pay period and the corresponding number of hours worked at each hourly

4   rate.

5       96.     The actual injuries suffered by the members of the Account Manager and

6   Recruiter Wage Statement Classes as a result of Defendants' knowing and intentional failure to

7   maintain accurate records for the members of the Account Manager and Recruiter Wage

8   Statement Classes include but are not limited to:

9           a.  Confusion over whether they received all wages owed them by Defendants;

10          b.  The difficulty and expense of attempting to reconstruct time and pay records;

11          c.  Being forced to engage in mathematical computations to analyze whether

12              Defendants' wages in fact compensated for all hours worked;

13          d.  The inability to accurately calculate wage rates complicated by the fact that

14              wage statement information required by Labor Code §226 is missing;

15          e.  That such practice prevents the members of the Wage Statement Class from

16              being able to effectively challenge information on their wage statements; and

17          f.  The difficulty and expense of filing and maintaining this lawsuit, and the

18              discovery required to collect and analyze the very information that California

19              law requires.

20      97.     Pursuant to Labor Code §226(e), the members of the Account Manager and

21  Recruiter Wage Statement Classes suffered injury as a result of Defendants' knowing and

22  intentional failure to comply with Labor Code §226(a) and are therefore entitled to fifty dollars

23  ($50.00) per employee for the initial pay period in which a violation hereunder occurs and one

24  hundred dollars ($100.00) per employee for each violation in a subsequent pay period, not

25  exceeding an aggregate penalty of four thousand dollars ($4,000.00).

26      98.     Pursuant to Labor Code §226(g), the currently-employed members of the Account

27  Manager and Recruiter Wage Statement Classes are also entitled to injunctive relief to ensure

28  Defendants' compliance with Labor Code §226.

99.     Pursuant to Labor Code §226(e) and/or §226(g), the members of the Account Manager and Recruiter Wage Statement Classes are also entitled to an award of costs and reasonable attorneys' fees.

## FIFTH CAUSE OF ACTION

## VIOLATIONS OF LABOR CODE §203

### (On Behalf of the Account Manager and Recruiter LC 203 Classes)

### (Against All Defendants)

100.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

101.    Labor Code §203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code §§201, 201.5, 202 and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue at the same rate, for up to thirty (30) days from the due date thereof, until paid or until an action therefore is commenced.

102.    The members of the Account Manager and Recruiter LC 203 Classes are no longer employed by Defendants as they were either discharged from or quit Defendants' employ.

103.    Defendants had a consistent and uniform policy, practice and procedure of willfully failing to pay the earned wages of Defendants' former employees, according to amendment or proof.

104.    Defendants willfully failed to pay the members of the Account Manager and Recruiter LC 203 Classes their entire wages due and owing at the time of their termination or within seventy-two (72) hours of their resignation, and failed to pay those sums for up to thirty (30) days thereafter.

105.    Defendants' willful failure to pay wages to the members of the Account Manager and Recruiter LC 203 Classes violates Labor Code §203 because Defendants knew or should have known wages were due to the members of the Account Manager and Recruiter LC 203 Classes, but Defendants failed to pay them.

LAW OFFICES OF
KEVIN T. BARNES
1920 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-3534
TEL.: (323) 549-9100
FAX: (323) 549-0101
WWW.KEVINBARNES.COM

- 27 -

106.    Thus, the members of the Account Manager and Recruiter LC 203 Classes are entitled to recovery pursuant to Labor Code §203.

### SIXTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES
### (On Behalf of Plaintiff and All Others Similarly Situated)
### (Against All Defendants)

107.    Plaintiffs incorporate by reference and reallege each and every one of the allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set forth herein.

108.    B&PC §17200 provides in pertinent part "…[U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act…".

109.    B&PC §17205 provides that unless otherwise expressly provided, the remedies or penalties provided for unfair competition "are cumulative to each other and to the remedies or penalties available under all other laws of this state."

110.    B&PC §17204 provides that an action for any relief from unfair competition may be prosecuted by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition.

111.    Defendants have engaged in unlawful, unfair and fraudulent business acts or practices prohibited by B&PC §17200, including those set forth in the preceding and foregoing paragraphs of the complaint, thereby depriving Plaintiff and all others similarly situated of the minimum working standards and conditions due to them under the Labor Code and/or the IWC Wage Orders, as specifically described herein.

112.    Defendants have engaged in unfair business practices in California by practicing, employing and utilizing the employment practices outlined in the preceding paragraphs, specifically, by requiring employees to perform the labor services complained of herein without the requisite compensation.

113.    Defendants' use of such practices constitutes an unfair business practice, unfair competition and provides an unfair advantage over Defendants' competitors.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5664
TEL: (323) 549-9100
FAX: (323) 549-0101
WWW.KBARNESLAW.COM

1    114.    Plaintiffs have suffered injury in fact and have lost money or property as a result

2    of such unfair competition.

3    115.    Plaintiffs seek full restitution from Defendants, as necessary and according to

4    proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means

5    of the unfair practices complained of herein.

6    116.    Further, if Defendants are not enjoined from the conduct set forth above,

7    Defendants will continue to practice, employ and utilize the employment practices outlined in the

8    preceding paragraphs.

9    117.    Therefore, Plaintiffs request that the Court issue a preliminary and permanent

10   injunction prohibiting Defendants from engaging in the foregoing conduct.

11   118.    Plaintiffs seek the appointment of a receiver, as necessary, to establish the total

12   monetary relief sought from Defendants.

13                          **SEVENTH CAUSE OF ACTION**

14                   **DECLARATORY RELIEF [CCP §1060]**

15            **(On Behalf of Plaintiff and All Others Similarly Situated)**

16                          **(Against All Defendants)**

17   119.    Plaintiffs incorporate by reference and reallege each and every one of the

18   allegations contained in the preceding and foregoing paragraphs of this Complaint as if fully set

19   forth herein.

20   120.    CCP §1060 provides that any person who desires a declaration of his or her rights

21   or duties with respect to another, in cases of actual controversy relating to the legal rights and

22   duties of the respective parties, may ask the Court for a declaration of rights or duties, and the

23   Court may make a binding declaration of these rights or duties, whether or not further relief is or

24   could be claimed at the time; any such declaration by the Court shall have the force of a final

25   judgment.

26   121.    Defendants continue to this day to engage in some or all of the unlawful and

27   unfair conduct as described herein.

28   ///

LAW OFFICES OF
KEVIN T. BARNES
1630 WILSHIRE BLVD.
SUITE 1850
LOS ANGELES, CA.
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
www.KBARNES.com

**CASSERLY V. RANDSTAD - COMPLAINT**

1    122.    An actual controversy exists in that Defendants assert they have the legal right to

2   perform the acts as described herein.

3    123.    Plaintiffs desire a declaration as to the rights of Plaintiff and all others similarly

4   situated with respect to Defendants' unlawful and unfair conduct, as described herein.

5    124.    It is therefore necessary that the Court declare the rights and duties of the parties

6   hereto.

7                                              **VI.**

8                                  **PRAYER FOR RELIEF**

9   WHEREFORE, Plaintiffs pray:

10        a.       That the Court issue an Order certifying the Classes herein, appointing all named

11   Plaintiffs as representative of all others similarly situated, and appointing all law firms

12   representing all named Plaintiffs as counsel for the members of the Classes;

13   As to the First Cause of Action for Failure to Pay Overtime Wages:

14        b.       For damages, as set forth in Labor Code §1194(a) and the IWC Wage Order(s)

15   regarding wages due and owing, according to proof;

16        c.       For pre-judgment interest as allowed by Labor Code §218.6, Labor Code

17   §1194(a) and CC §3287;

18        d.       For an award of reasonable attorneys' fees and costs pursuant to Labor Code

19   §218.5 and/or Labor Code §1194(a);

20   As to the Second Cause of Action for Failure to Provide Meal Periods:

21        e.       For one (1) hour of pay at the regular rate of compensation for each member of

22   the Account Manager and Recruiter Meal Period Classes for each workday that a meal or rest

23   period was not provided;

24        f.       For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

25        g.       For an award of reasonable attorneys' fees and costs pursuant to Labor Code

26   §218.5;

27   ///

28   ///

LAW OFFICES OF
KEVIN T. BARNES
5850 WILSHIRE BLVD.
SUITE 1400
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
www.kevin.barnes.com

1   As to the Third Cause of Action for Failure to Authorize and Permit Paid Rest Periods:

2       h.      For one (1) hour of pay at the regular rate of compensation for each member of

3   the Account Manager and Recruiter Rest Period Classes for each workday that a meal or rest

4   period was not provided;

5       i.      For pre-judgment interest as authorized by Labor Code §218.6 and CC §3287;

6       j.      For an award of reasonable attorneys' fees and costs pursuant to Labor Code

7   §218.5;

8   As to the Fourth Cause of Action for Failure to Timely Furnish Accurate Itemized Wage

9   Statements:

10       k.      For recovery as authorized by Labor Code §226(e);

11       l.      For injunctive relief to ensure Defendants' compliance with Labor Code §226 and

12   the IWC Wage Orders §7(A) pursuant to Labor Code §226(g);

13       m.      For an award of costs and reasonable attorneys' fees pursuant to Labor Code

14   §226(e) and/or §226(g);

15   As to the Fifth Cause of Action for Violations of Labor Code §203:

16       n.      For recovery as authorized by Labor Code §203;

17   As to the Sixth Cause of Action for Unfair Business Practices:

18       o.      For an accounting, under administration of Plaintiffs and/or the receiver and

19   subject to Court review, to determine the amount to be returned by Defendants, and the amounts

20   to be refunded to members of the Classes who are owed monies by Defendants;

21       p.      For an Order requiring Defendants to identify each of the members of the Classes

22   by name, home address, and home telephone number;

23       q.      For an Order requiring Defendants to make full restitution and payment pursuant

24   to California law;

25       r.      For an Order for a preliminary and/or permanent injunction prohibiting

26   Defendants from engaging in the acts complained of herein;

27       s.      For the creation of an administrative process wherein each injured member of the

28   Classes may submit a claim in order to receive his/her money;

**CASSERLY V. RANDSTAD - COMPLAINT**

LAW OFFICES OF
KUSHNER CARLSON
1670 WILSHIRE BLVD.
SUITE 1400
LOS ANGELES, CA
90026-5634
TEL: (323) 549-9100
FAX: (323) 549-0101
WONDER@KCLAWYER.COM

1   t.      For all other appropriate injunctive, declaratory and equitable relief;

2   u.      For interest to the extent permitted by law;

3   v.      For an award of attorneys' fees and costs incurred in the investigation, filing and

4   prosecution of this action pursuant to CCP §1021.5, B&PC §17200, et seq., Labor Code §1194

5   and/or any other applicable provision of law;

6   As to the Seventh Cause of Action for Declaratory Relief:

7   w.      For a Declaration from the Court determining the rights of Plaintiff and all others

8   similarly situated regarding Defendants' unlawful and unfair conduct as described herein;

9   x.      For such further Declaration of rights as the Court may deem proper; and

10  y.      For payment of costs and attorneys' fees from the amount recovered for the

11  common benefit of Plaintiff and all others similarly situated.

12  As to All Causes of Action:

13  z.      For such relief as this Court may deem just and proper, including reasonable

14  attorneys' fees and costs incurred, within the jurisdictional amount pled herein (unless and until

15  it is determined from actual and competent evidence that the aggregate claims exceed the

16  jurisdictional amount). At this juncture, Plaintiffs are informed and believe that all damages,

17  including but not limited to restitution, penalties, interest and attorneys' fees do not exceed an

18  aggregate of $4,999,999.99 and that the value of Plaintiffs' individual claims do not exceed

19  $74,999.99.

20                                      VII.

21                          **DEMAND FOR JURY TRIAL**

22      Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

23  Dated: May 31, 2011                    LAW OFFICES OF KEVIN T. BARNES

24
                                          By:
25                                              Kevin T. Barnes, Esq.
                                                Gregg Lander, Esq.
26                                              Attorneys for Plaintiffs

27

28

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL: (323) 549-9100
FAX: (323) 549-0101
WWW.KBARNES.COM

**CASSERLY V. RANDSTAD - COMPLAINT**

Count
31423-4

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
    E-Mail: barber@lbbslaw.com
TRACY WEI COSTANTINO, SB#
    E-Mail: costantino@lbbslaw.com
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: (213) 250-1800
Facsimile: (213) 250-7900

Attorneys for Defendants

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**07/06/2011** at 03:18:00 PM
Clerk of the Superior Court
By Rebecca Bojorques, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

GRANT CASSERLY, on behalf of himself, and all others similarly situated,

               Plaintiffs,

         v.

RANDSTAD US, L.P., a Delaware limited partnership d/b/a "Randstad"; RANDSTAD HORIZONS, L.P., a Delaware limited partnership d/b/a "Randstad"; RANDSTAD INHOUSE SERVICES, L.P., a Delaware limited partnership d/b/a "Randstad"; ACCOUNTS INTERNATIONAL, L.P., a California limited partnership d/b/a "Randstad"; B2B WORKFORCE, L.P., a limited partnership, jurisdiction unknown d/b/a "Randstad"; CLINICAL ONE, an entity, form and jurisdiction unknown d/b/a "Randstad"; COMPLIANCE L.P., a Virginia limited partnership d/b/a "Randstad"; DB CONCEPTS, an entity, form and jurisdiction unknown d/b/a "Randstad"; DELTA PHARMA, L.P., an Illinois limited partnership d/b/a "Randstad"; HUMAN RESOURCES INTERNATIONAL, an entity, form and jurisdiction unknown d/b/a "Randstad"; LOCUM MEDICAL GROUP, an entity, form and jurisdiction unknown d/b/a "Randstad"; OPIS, an entity, form and jurisdiction unknown d/b/a "Randstad"; PLACEMENT PROS, L.P., a Delaware limited partnership d/b/a/ "Randstad"; RANDSTAD MANAGED SERVICES, an entity, form and jurisdiction unknown d/b/a "Randstad"; RANDSTAD PROFESSIONALS US, L.P., a Delaware

CASE NO. 30-2011-00480681-CU-OE-CXC

CLASS ACTION

The Honorable Gail A. Andler
Department: ~~CX102~~ CX101

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

**ACTION FILED:**    June 1, 2011

**TRIAL DATE:**    None Set

EXHIBIT ___B___

7-1-11 F

4827-7873-9977.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  limited partnership d/b/a "Randstad";
   SAPPHIRE TECHNOLOGIES, L.P., a
2  Delaware limited partnership d/b/a
   "Randstad"; THINK RESOURCES, L.P., a
3  Georgia limited partnership d/b/a "Randstad";
   and DOES 1-100, inclusive
4
                                   Defendants.
5

6        Defendants RANDSTAD US, L.P., RANDSTAD HORIZONS, L.P., RANDSTAD

7  INHOUSE SERVICES, L.P., ACCOUNTS INTERNATIONAL, L.P., B2B WORKFORCE, L.P.,

8  CLINICAL ONE, COMPLIANCE L.P., DB CONCEPTS, DELTA PHARMA, L.P., HUMAN

9  RESOURCES INTERNATIONAL, LOCUM MEDICAL GROUP, OPIS, PLACEMENT PROS,

10 L.P., RANDSTAD MANAGED SERVICES, RANDSTAD PROFESSIONALS US, L.P,

11 SAPPHIRE TECHNOLOGIES, L.P. and THINK RESOURCES, L.P. (hereinafter "Defendants")

12 hereby answer the Complaint of Plaintiff Grant Casserly (hereinafter "Plaintiff"), as follows:

13                              **GENERAL DENIAL**

14       1.      Under the provisions of section 431.30 of the California Code of Civil Procedure,

15 Defendants deny each, every and all of the allegations of said Complaint, and the whole thereof,

16 and denies that the Plaintiff or any putative member of the purported class has sustained damages

17 in the sums alleged, or in any other sum, or at all.

18       2.      Further answering Plaintiff's Complaint on file herein, and the whole thereof,

19 Defendants deny that Plaintiff or any putative member of the purported class has sustained any

20 injury, damage or loss, if any, by reason of any act or omission of Defendants.

21                            **AFFIRMATIVE DEFENSES**

22       Defendants have not completed their investigation of the facts of this case, have not

23 completed discovery in this matter, and have not completed their preparation for trial.  The

24 defenses stated herein are based on Defendants' knowledge, information, and belief at this time.

25 Defendants specifically reserve the right to modify, amend, or supplement any defense contained

26 herein at any time.  Without conceding that they bear the burden of proof or persuasion as to any

39

4827-7873-9977.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

1    one of them, Defendants assert the following separate affirmative defenses to the Complaint.

**FIRST DEFENSE**

**(Failure to State a Cause of Action)**

4    1.    The Complaint fails to state facts sufficient to state claims upon which relief can be
5    granted against Defendants.

**SECOND DEFENSE**

**(Uncertainty)**

8    2.    Plaintiff's claims, and the claims of each putative member of the purported class as
9    set forth in the Complaint, are barred in whole or in part because the Complaint is uncertain in that
10    the purported class definitions are ambiguous and/or conclusory.

**THIRD DEFENSE**

**(Good Faith/No Waiting Time Penalties)**

13    3.    Plaintiff and any putative member of the purported class as set forth in the
14    Complaint, are not entitled to any penalty award under Section 203 (or any other section) of the
15    California Labor Code since, at all times relevant and material herein, Defendants did not willfully
16    fail to comply with the applicable provisions of the California Labor Code § 200, *et seq.*, but
17    rather acted in good faith and had reasonable grounds for believing that they did not violate the
18    applicable provisions of the California Labor Code.

**FOURTH DEFENSE**

**(Proximate Cause)**

21    4.    The alleged damages of Plaintiff and each putative member of the class Plaintiff
22    purports to represent were not proximately caused by an unlawful policy, custom, practice or
23    procedure promulgated by Defendants.

**FIFTH DEFENSE**

**(Failure to Exhaust Internal and Administrative Remedies/Preconditions)**

26    5.    The claims of Plaintiff and each putative member of the class Plaintiff purports to
27    represent are barred for failure to exhaust internal and/or administrative remedies.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

40

4827-7873-9977.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1

**SIXTH DEFENSE**

2

**(Statute of Limitations)**

3      6.     Plaintiff's claims, and the claims of each putative member of the purported class as

4 set forth in the Complaint, are barred or limited by the applicable statute(s) of limitations,

5 including, but not limited to, California Code of Civil Procedure Sections 337, 338, 339, 340 and

6 California Business and Professions Code Section 17208.

7

**SEVENTH DEFENSE**

8

**(Lack of Standing - Individual)**

9      7.     Plaintiff, and/or any putative member of the purported class defined in the

10 Complaint, lack standing to bring some or all of the claims alleged against Defendants.

11

**EIGHTH DEFENSE**

12

**(Lack of Standing - Class)**

13      8.     Plaintiff fails to satisfy the prerequisites for class action certification and, therefore,

14 lacks standing and cannot represent the interests of others as to some or all of the claims alleged

15 against Defendants.

16

**NINTH DEFENSE**

17

**(Not Appropriate for Class Action)**

18      9.     The class action claims alleged by Plaintiff on behalf of himself and the alleged

19 class, the existence of which are expressly denied, are not appropriate for class action treatment, as

20 the claims involve matters in which individual questions of law and/or fact predominate and/or are

21 not the superior method of adjudication for Plaintiff's claims.

22

**TENTH DEFENSE**

23

**(Numerosity)**

24      10.     The Complaint fails to the extent it asserts a class action, because the putative class

25 that Plaintiff purports to represent, the existence of which is expressly denied, lacks numerosity.

26

**ELEVENTH DEFENSE**

27

**(Claims Not Common or Typical)**

28      11.     The claims alleged by the named Plaintiff are neither common to nor typical of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4827-7873-9977.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1 | those, if any, of the alleged class Plaintiff purports to represent.

## TWELFTH DEFENSE

### (Inadequate Representative)

12.    The Complaint fails to the extent it asserts a class action, because neither Plaintiff nor Plaintiff's counsel will fairly and adequately represent the purported class.

## THIRTEENTH DEFENSE

### (Superiority)

13.    The Complaint fails to the extent it asserts a class action, because the alleged class action claims are not maintainable for, among other reasons, failure to satisfy the requirement of superiority.

## FOURTEENTH DEFENSE

### (Adequate Remedy at Law)

14.    Plaintiff, and/or any putative member of the purported classed defined in the Complaint, are not entitled to a recovery of equitable relief, including any relief requested pursuant to California Business and Professions Code Section 17200, because of the existence of an adequate remedy at law.

## FIFTEENTH DEFENSE

### (Laches)

15.    The Complaint, including the averment of damages purportedly stated therein, is barred in whole or in part by the doctrine of laches.

## SIXTEENTH DEFENSE

### (Estoppel)

16.    The Complaint is barred in whole or in part by Plaintiff's own conduct, actions, and inactions, which amount to and constitute an estoppel of any relief sought thereby.

## SEVENTEENTH DEFENSE

### (Release and Waiver of Claims)

17.    Subject to proof by discovery, some of all of the claims of Plaintiff and of the purported class are barred in whole or in part because such claims have been waived, discharged,

4827-7873-9977.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP.
ATTORNEYS AT LAW

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1  abandoned, and/or released.

2  **EIGHTEENTH DEFENSE**

3  **(Setoff)**

4       18.    To the extent that Plaintiff, or any putative class member, was inadvertently

5  overpaid for any hours worked or has received compensation, benefits or awards for time not

6  worked, the value of such compensation, benefits, or awards should be offset, in whole or in part,

7  against Plaintiff's claims.

8  **NINETEENTH DEFENSE**

9  **(Excessive Fines)**

10      19.    An award of penalties under the circumstances of this case would constitute an

11  excessive fine and otherwise would be in violation of Defendants' due process and other rights

12  under the United States and California Constitutions.

13  **TWENTIETH DEFENSE**

14  **(Unconstitutionality)**

15      20.    Certification of class, based upon the facts and circumstances of this case, would

16  constitute a denial of Defendants' right to due process under the Fourteenth Amendment of the

17  United States Constitution and the California Constitution.

18  **TWENTY-FIRST DEFENSE**

19  **(Not The Employer)**

20      21.    The claims set forth in the Complaint are barred to the extent that Defendants

21  Randstad US, L.P., Randstad Horizons, L.P., Randstad Inhouse Services, L.P., Accounts

22  International, L.P., B2B Workforce, L.P., Clinical One, Compliance, L.P., DB Concepts, Delta

23  Pharma, L.P., Human Resources International, Locum Medical Group, Opis, Randstad Managed

24  Services, Randstad Professionals, L.P., Placement Pros, L.P., Think Resources, L.P. are not, and

25  have not been, the employer of Plaintiff or any putative member of the purported class defined in

26  the Complaint.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4827-7873-9977.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**TWENTY-SECOND DEFENSE**

**(Failure to Mitigate Damages)**

22.     The claims of Plaintiff and of the purported class are barred in whole or in part because they have failed to act reasonably and to mitigate any damages alleged in the Complaint.

**TWENTY-THIRD DEFENSE**

**(Penalties)**

23.     The claims of Plaintiff and of the purported class are barred in part because the Complaint fails to allege facts sufficient to establish a claim for penalties.

**TWENTY-FOURTH DEFENSE**

**(Attorneys' Fees)**

24.     The claims of Plaintiff and of the purported class are barred in part because the Complaint fails to allege facts sufficient to establish a claim for attorneys' fees.

**TWENTY-FIFTH DEFENSE**

**(*De Minimis* Uncompensated Time)**

25.     Defendants states that if, in fact, they have failed to pay Plaintiff or any putative member of the purported class for time worked, the uncompensated time is *de minimis*.

**TWENTY-SIXTH DEFENSE**

**(Consent)**

26.     The Complaint, and all purported causes of action contained therein, are barred to the extent Plaintiff, and those similarly-situated, if any, consented to any alleged activity or conduct.

**TWENTY-SEVENTH DEFENSE**

**(Release)**

27.     To the extent Plaintiff and/or alleged members of the putative class have executed a release encompassing claims alleged in the Complaint, their claims are barred by that release.

**TWENTY-EIGHTH DEFENSE**

**(Accord and Satisfaction)**

28.     Plaintiff's claims, and the claims of any putative member of the purported class are

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7873-9977.1

44

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1  barred pursuant to an accord and satisfaction.  Specifically, Plaintiff and any putative member of

2  the purported class, were fully compensated for all work performed for Defendants, and their

3  respective acceptance of their paychecks constituted an accord and satisfaction for all debts, if any,

4  owed by Defendants to them.

5  **TWENTY-NINTH DEFENSE**

6  **(Breach of Duties)**

7       29.  Plaintiff's claims, and the claims of any putative member of the purported class are

8  barred, in whole or in part, by their own breach of the duties owed to Defendants under California

9  Labor Code sections 2856, 2857, 2858 and 2859.

10  **THIRTIETH DEFENSE**

11  **(After-Acquired Evidence)**

12       30.  To the extent during the course of this litigation Defendants acquire any evidence

13  of wrongdoing by Plaintiff, or those similarly-situated, if any, which wrongdoing would have

14  materially affected the terms and conditions of their employment or would have resulted in them

15  being demoted, disciplined, or terminated, such after acquired evidence shall bar liability or

16  damages or shall reduce their claims as provided by law.

17  **THIRTY-FIRST DEFENSE**

18  **(Legitimate Business Decisions)**

19       31.  The alleged conduct about which Plaintiff complains, if any, is the result of

20  protected, legitimate, employer action and legitimate business decisions made for the anticipated

21  benefit of Defendants' operations.  Accordingly, Defendants cannot be liable for Plaintiff's

22  damages, if any.

23  **THIRTY-SECOND DEFENSE**

24  **(Penalties Unjust, Arbitrary, and Oppressive, or Confiscatory)**

25       32.  Plaintiff, and those similarly situated, if any, are not entitled to recover any civil

26  penalties because, under the circumstances of this case, any such recovery would be unjust,

27  arbitrary, and oppressive, or confiscatory.

28

45

4827-7873-9977.1

**THIRTY-THIRD DEFENSE**

**(No Injury)**

33.    Plaintiff's claim for "Failure to Comply with Itemized Employee Wage Statements" is barred because Plaintiff cannot demonstrate any cognizable injury resulting from any violation, to the extent that it occurred.

**THIRTY-FOURTH DEFENSE**

**(No Section 17200 Standing)**

34.    Plaintiff's claim under Business & Professions Code section 17200, *et seq.*, is barred to the extent that Plaintiff lacks standing to sue pursuant to Business & Professions Code sections 17203 and 17204.

**THIRTY-FIFTH DEFENSE**

**(No Recovery under Section 17200)**

35.    Plaintiff improperly seeks through his cause of action under Business & Professions Code section 17200 *et seq.* to recover statutory penalties or other monies that are not recoverable under this statute.

**THIRTY-SIXTH DEFENSE**

**(Unconstitutionally Vague and Overbroad)**

36.    Plaintiff's claims pursuant to Business & Professions Code section 17200 *et seq.* are barred because that statute is unconstitutionally vague and overly broad, and the manner in which Plaintiff, and each member of the putative class alleges that it applies to the business practices of Defendants constitutes a violation of due process.

**THIRTY-SEVENTH DEFENSE**

**(Proper Classification)**

37.    Plaintiff's claims fail in their entirety because Plaintiff, and any putative member of the purported class, were properly classified as exempt employees under applicable law.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7873-9977.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## THIRTY-EIGHTH DEFENSE

### (Full Performance)

38.     Defendants have fully performed any contractual, statutory or other duties allegedly owed to Plaintiff, other than those which have been excused or discharged.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendants pray for judgment that:

1.     The Court deny Plaintiff's request to certify this action as a class action;

2.     Plaintiff take nothing by reason of the Complaint on file herein, and that said Complaint be dismissed with prejudice;

3.     Judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

4.     Defendants be awarded their costs of suit incurred herein;

5.     Defendants be awarded their attorneys' fees incurred by this action pursuant to California Labor Code Section 218:5; and

6.     The Court award Defendants such other and further relief as it deems just and proper.

DATED: July 5, 2011                    Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: _____
John L. Barber
Tracy Wei Costantino
Shawna Rasul
Attorneys for Defendants

4827-7873-9977.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4          I am employed in the county of aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 221 North Figueroa Street, Suite 1200,

5     Los Angeles, CA 90012-2601.

6          On July 5, 2011, I served the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** on the interested party(ies) in this action by placing true copies

7     thereof enclosed in sealed envelopes and/or packages addressed as follows:

8

9     Kevin T. Barnes, Esq.                         Joseph Antonelli, Esq.
      Gregg Lander, Esq.                            Janelle Carney, Esq.

10    Law Offices of Kevin T. Barnes               Law Office of Joseph Antonelli
      5670 Wilshire Boulevard, Suite 1460          1000 Lakes Drive, Suite 450

11    Los Angeles, CA 90036-5664                   West Covina, CA 91790

12    Ross E. Shanberg, Esq.
      Shane C. Stafford, Esq.

13    Shanberg Stafford LLP
      19200 Von Karman Avenue, Suite 400

14    Irvine, CA 92612

15    ☒   **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and

16        processing correspondence for mailing.  Under that practice it would be deposited with
          the U.S. postal service on that same day with postage thereon fully prepaid at San

17        Francisco, California, in the ordinary course of business.  I am aware that on motion of
          the party served, service is presumed invalid if postal cancellation date or postage

18        meter date is more than one day after date of deposit for mailing in affidavit.

19    ☐   **BY FACSIMILE:**  I served said document(s) to be transmitted by facsimile at
          approximately _____ a.m./p.m. pursuant to Rule 2008 of the California Rules of

20        Court.  The telephone number of the sending facsimile machine was (415) 957-3001.
          The name(s) and facsimile machine telephone number(s) of the person(s) served is

21        listed above.  A transmission report was properly issued by the sending facsimile
          machine, and the transmission was reported as complete and without error.

22    ☒   **STATE:**  I declare under penalty of perjury under the laws of the State of California

23        that the foregoing is true and correct.

24    ☐   **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this
          Court at whose direction the service was made.

25

26

27    _____
      Elsie L. Valdez

28

**48**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4827-7873-9977.1

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Print | Close Window

# One Legal Order Receipt
## Order Number: 5049608

Note - You will receive a Court Transaction Number via email upon submission of your order to the court.

Thank you for choosing One Legal LLC. If you have any questions about this order, please contact our Customer Support team.

Phone: 800-938-8815
Email: support@onelegal.com

**Order Detail**

| | |
|---|---|
| Order Type: | eFiling |
| Date/Time Submitted: | 07/06/2011 3:17 PM |
| Client Billing Code: | 30953-68   *3/423-4* |
| Contact Name: | Tracy W Costantino |
| Attorney Name: | Tracy W Costantino |
| Email Notification: | Both |

*Corrected 7/19/11*

**Case Information**

| | |
|---|---|
| Court Branch: | Civil Complex Center Santa Ana |
| Court Name: | Superior Court of California, Orange County |
| Case Title: | Casserly vs. Randstad US, L.P. |
| Case Category: | Civil - Unlimited |
| Case Type: | Other employment |
| Jurisdictional Amount: | |
| Case No.: | 30-2011-00480681-CU-OE-CXC |
| Hearing Date: | |
| Hearing Time: | |

**Documents**

| Document Type | Document Name | Total Pages Uploaded |
|---|---|---|
| Answer to Complaint | Defendants' Answer to Plaintiff's Complaint | 11 |

**Message to the Clerk:**

**Parties to Case or Attorney(s) Added**

| Name | Role |
|---|---|
| Lewis Brisbois Bisgaard & Smith LLP | Attorney |
| Randstad US, L.P. | Defendant |
| Randstad Horizons, L.P. | Defendant |
| Randstad Inhouse Services, L.P. | Defendant |
| Accountants International, L.P. | Defendant |
| B2B Workforce, L.P. | Defendant |
| Clinical One | Defendant |

| | |
|---|---|
| Compliance L.P. | Defendant |
| DB Concepts | Defendant |
| Delta Pharma, L.P. | Defendant |
| Human Resources International | Defendant |
| Locum Medical Group | Defendant |
| Opis | Defendant |
| Placement Pros, L.P. | Defendant |
| Randstad Managed Services | Defendant |
| Randstad Professionals US, L.P. | Defendant |
| Sapphire Technologies, L.P. | Defendant |
| Think Resources, L.P. | Defendant |

3/423-4

1 | **LEWIS BRISBOIS BISGAARD & SMITH LLP**
JOHN L. BARBER, SB# 160317
2 |    E-Mail: barber@lbbslaw.com
TRACY WEI COSTANTINO, SB#
3 |    E-Mail: costantino@lbbslaw.com
SHAWNA RASUL, SB#
4 |    E-Mail: rasul@lbbslaw.com
221 North Figueroa Street, Suite 1200
5 | Los Angeles, California  90012
Telephone: (213) 250-1800
6 | Facsimile: (213) 250-7900



FILED
CLERK, U.S. DISTRICT COURT

JUL - 8 2011

CENTRAL DISTRICT OF CALIFORNIA
BY

7 | Attorneys for Defendants

8 |                **UNITED STATES DISTRICT COURT**

9 |               **CENTRAL DISTRICT OF CALIFORNIA**

10 |

11 | GRANT CASSERLY, on behalf of
himself, and all others similarly
12 | situated,

CASE NO. SACV11 - 01018 DOC(ANX)

13 |            Plaintiffs,

[Orange County Superior Court Case
No.  30-2011-00480681}

14 |     v.

15 | RANDSTAD US, L.P., a Delaware
limited partnership d/b/a "Randstad";
16 | RANDSTAD HORIZONS, L.P., a
Delaware limited partnership d/b/a
17 | "Randstad"; RANDSTAD INHOUSE
SERVICES, L.P., a Delaware limited
18 | partnership d/b/a "Randstad";
ACCOUNTS INTERNATIONAL, L.P.,
19 | a California limited partnership d/b/a
"Randstad"; B2B WORKFORCE, L.P.,
20 | a limited partnership, jurisdiction
unknown d/b/a "Randstad"; CLINICAL
21 | ONE, an entity, form and jurisdiction
unknown d/b/a "Randstad";
22 | COMPLIANCE L.P., a Virginia limited
partnership d/b/a "Randstad"; DB
23 | CONCEPTS, an entity, form and
jurisdiction unknown d/b/a "Randstad";
24 | DELTA PHARMA, L.P., an Illinois
limited partnership d/b/a "Randstad";
25 | HUMAN RESOURCES
INTERNATIONAL, an entity, form
26 | and jurisdiction unknown d/b/a
"Randstad"; LOCUM MEDICAL
27 | GROUP, an entity, form and
jurisdiction unknown d/b/a "Randstad";
28 | OPIS, an entity, form and jurisdiction

**DEFENDANTS' NOTICE OF
REMOVAL OF ACTION TO THE
UNITED STATES DISTRICT
COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA**

EXHIBIT _____

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-0897-0762.1

51

1  unknown d/b/a "Randstad";
PLACEMENT PROS, L.P., a Delaware
2  limited partnership d/b/a/ "Randstad";
RANDSTAD MANAGED SERVICES,
3  an entity, form and jurisdiction
unknown d/b/a "Randstad";
4  RANDSTAD PROFESSIONALS US,
L.P., a Delaware limited partnership
5  d/b/a "Randstad"; SAPPHIRE
TECHNOLOGIES, L.P., a Delaware
6  limited partnership d/b/a "Randstad";
THINK RESOURCES, L.P., a Georgia
7  limited partnership d/b/a "Randstad";
and DOES 1-100, inclusive
8
9                    Defendants.

10

11      **TO THE CLERK OF THE ABOVE-TITLED COURT:**

12      PLEASE TAKE NOTICE that Defendants RANDSTAD US, L.P.,

13  RANDSTAD HORIZONS, L.P., RANDSTAD INHOUSE SERVICES, L.P.,

14  ACCOUNTS INTERNATIONAL, L.P., B2B WORKFORCE, L.P., CLINICAL

15  ONE, COMPLIANCE L.P., DB CONCEPTS, DELTA PHARMA, L.P., HUMAN

16  RESOURCES INTERNATIONAL, LOCUM MEDICAL GROUP, OPIS,

17  PLACEMENT PROS, L.P., RANDSTAD MANAGED SERVICES, RANDSTAD

18  PROFESSIONALS US, L.P, SAPPHIRE TECHNOLOGIES, L.P. and THINK

19  RESOURCES, L.P. (hereinafter "Defendants"), by and through their counsel,

20  remove the above-entitled action from the Superior Court of the State of California

21  for the County of Orange, to this Court pursuant to 28 U.S.C. §§ 1332(d), 1441,

22  1446 and 1453 based on the following grounds:

23                    **STATE COURT ACTION**

24      1.    On or about June 1, 2010, Plaintiff Grant Casserly ("Plaintiff") filed a

25  civil action in the Superior Court of the State of California for the County of

26  Orange, entitled *Grant Casserly, individually and on behalf of those similarly*

27  *situated v. Randstad US, LP et al.*, Case Number 30-2011-00480681.  (A true and

28  correct copy of the Complaint is attached as Exhibit A).

2.      The Complaint purports to assert seven claims for relief against Defendants stemming from the employment of Grant Casserly with Defendants and Defendants' alleged failure to pay Plaintiff, and purported classes of similarly-situated individuals, overtime wages, provide meal and rest periods, itemized wage statements and timely final wages, in violation of various sections of the California *Labor Code*.[1] Plaintiff further asserts that the aforementioned alleged *Labor Code* violations constitute an unfair business practice in violation of California *Business & Professions Code* Section 17200. Plaintiff also seeks injunctive relief and attorneys' fees. All of Plaintiff's claims arise from the purported misclassification of Plaintiff, and the members of the putative classes, as exempt employees. Plaintiff has alleged that there are 12 putative classes which are comprised of more than 100 employees that are or were "Defendant's California-based 'Account Managers' (hereinafter including any of Defendants' job positions with substantially similar titles and/or duties) and Defendants' California-based 'Recruiters' (hereinafter including any of Defendants' job positions with substantially similar titles and/or duties). (Ex. A at ¶¶ 4, 48).

3.      Defendants received the Summonses and Complaint no earlier than June 8, 2011. Thus, this notice is timely as it is being filed within thirty days of the first receipt by Defendants of a copy of a pleading, motion, order other papers from which it may first be ascertained that this action is removable. *See* 28 U.S.C. § 1446(b).

4.      Defendants filed an Answer to Plaintiff's Complaint on July 7, 2011

---

[1]  Defendants dispute, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Moreover, this Notice of Removal is not intended and should not be construed to be an express or implied admission by Defendants of any facts or the merits of any of Plaintiff's (or the putative classes) claims as alleged in the Complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-0897-0762.1

53

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

1  with the state court.  Pursuant to 28 U.S.C. § 1446(a), Defendants have attached all

2  process, pleadings and orders that have been filed, served or received by the

3  Defendants in this action as Exhibit B.  A true and correct copy of this Notice of

4  Removal will be served upon all parties and filed with the Clerk of the Orange

5  County Superior Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

6        5.      Venue lies in this Court pursuant to U.S.C. §§ 1391(a) and 1441(a)

7  because the state court action was filed in Orange County and this is the judicial

8  district in which the action arose.

9                    **ORIGINAL JURISDICTION UNDER THE**

10                   **CLASS ACTION FAIRNESS ACT**

11       6.      The Class Action Fairness Act ("CAFA") reflects Congress's intent to

12 have federal courts adjudicate substantive class action suits brought against out-of-

13 state defendants.  Towards that end, CAFA expands federal jurisdiction over class

14 actions, and expressly provides that class actions filed in state court are removable

15 to federal court where:  (1) the putative class contains at least 100 class members;

16 (2) any member of the putative class is a citizen of a State different from that of any

17 defendant; and (3) the aggregate amount in controversy for the putative class

18 exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. 1332(d); *accord*

19 *Serrano v. 180 Connect, Inc.* 478 F.3d 1018, 1019 (9th Cir. 2007).

20       7.      As demonstrated below, the state court action is removable to this

21 Court, and this Court has jurisdiction over this action, under CAFA because:  (1)

22 this is a putative class action involving 12 putative classes that consist of more than

23 100 employees; (2) the aggregate amount in controversy, excluding interest and

24 costs, exceeds more than $5,000,000; (3) there is not only minimal diversity, as

25 required by CAFA, but complete diversity between Plaintiff and all members of the

26 putative class and all named Defendants that were in existence at the time Plaintiff

27 filed his Complaint; and (4) no exception to CAFA applies.

28 / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-0897-0762.1

**A.     The Putative Class Exceeds 100 Members.**

8.      Plaintiff alleges that the 12 putative classes, taken together, comprise more than 100 individuals. (*See* Ex. A at ¶ 48).  Defendants have employed at least 412 individuals in California since June 1, 2007, in the positions that allegedly comprise the 12 putative classes. (*See* Declaration of Jennifer Wood attached hereto as Exhibit C; Declaration of Ken Spigle attached hereto as Exhibit D).

**B.     Complete Diversity Exists Between Plaintiff And All Properly Named Defendants**

**Plaintiff's Citizenship**

9.      The second CAFA requirement is minimal diversity-at least one putative class member and at least one defendant must be citizens of different states. 28 U.S.C. § 1332(d)(2).  Here, Plaintiff alleges that he is, and all times relevant herein, was a resident of the State of California.  (Ex. A at ¶ 1).  For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesly Galleries, Ltd.*, 704 F.3d 1088, 1090 (9th Cir. 1983).  Thus, Plaintiff is, and was at the commencement of this civil action, a citizen of California.

**Defendants' Citizenship**

10.     Defendant "Does 1-100" are fictitious Defendants whose citizenship is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a).  Moreover, consent of all Defendants to removal of this putative class action is not required under 28 U.S.C. § 1453(b).

11.     Although Plaintiff was employed only by Defendant Sapphire, he named 17 defendants in the instant lawsuit. (Ex. A at ¶¶ 12-28).  Of those 17 defendants, 11 did not exist as a separate business entity at the time that Plaintiff filed his Complaint on June 1, 2011.  Specifically, Defendant Randstad Horizons, L.P. merged into Defendant Randstad US, LP ("RUS") effective January 1, 2011; Defendants Accountants International, LP, Compliance LP and Delta Pharma, LP merged into Randstad Professionals, LP ("Randstad Professionals") effective

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   December 31, 2008; Defendant Clinical One merged into Defendant Randstad

2   Professionals' predecessor effective September 30, 2008; Defendant Think

3   Resources, LP merged into Defendant Sapphire effective December 31, 2008;

4   Defendant Placement Pros, LP merged into Defendant Randstad Professionals,

5   effective December 31, 2008; Defendant Human Resources International is a

6   division of Defendant Randstad Professionals; Defendant OPIS was a division of

7   Defendant Randstad Professionals predecessor and ceased operations in or around

8   January 1, 2008; Defendant DB Concepts is a division of Defendant Sapphire; and

9   Defendant Managed Services is a division of Defendant Randstad Professionals.

10   (Ex. D at ¶ 3).  Thus, these business entities' separate existence ceased at the time

11   they were merged, which was well before Plaintiff filed his Complaint on June 1,

12   2011.  *See Cal. Bus. Code Section* 18380(a)(1) (stating the "separate existence of the

13   disappearing entity" ceases upon merger).  Accordingly, only the citizenship of the

14   surviving entities that existed on June 1, 2011 may be considered for purposes of

15   removal because removability is "to be determined according to the plaintiff's

16   pleading at the time of the petition for removal."  *Pullman Co. v. Jenkins*, 305 U.S.

17   534, 537 (1939).  Because none of these 11 defendants existed at the time Plaintiff

18   filed his Complaint, only the citizenship of Defendants RUS, Sapphire, Randstad

19   Professionals, Randstad Inhouse Services, ("RIS") B2B Workforce, LP ("B2B") and

20   Locum Medical Group LLC ("Locum") may be considered when determining

21   diversity and in determining whether an exception to CAFA exists.

22          12.    Defendants RUS, Sapphire, Randstad Professionals, RIS, B2B and

23   Locum are not citizens of California such that there is complete diversity between

24   Plaintiff and all Defendants.  For purposes of diversity jurisdiction, a limited

25   partnership is a citizen of all of the states of which its partners are citizens, and a

26   limited liability company is a citizen of all of the states of which its members are

27   citizens.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th

28   Cir. 2006).  The citizenship of the six defendants that existed at the time Plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-0897-0762.1

56

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

1  filed his Complaint on June 1, 2011 is as follows:

2        a.    Defendant RUS is a limited partnership that was created in the

3  State of Delaware and is comprised of Randstad General Partner, LLC ("RGP")

4  (general partner) and Randstad North America, LP (RNA") (limited partner).  RGP

5  is a limited liability company whose sole member is RNA.  RNA is a limited

6  partnership whose general partner is a Delaware corporation with a principal place

7  of business in Georgia.  RNA's limited partner is a S.a.r.l., organized under the laws

8  of Luxembourg.  Thus, Defendant RUS's limited and general partners are not

9  citizens of California.  (Ex. D at ¶ 4).

10       b.    Defendant Sapphire is a limited partnership that was created in

11  the State of Delaware and is comprised of Sapphire General Partner, LLC ("SGP")

12  (general partner) and Randstad Professionals (limited partner).  SGP is a limited

13  liability company whose sole member is RNA, whose general partner is a Delaware

14  corporation with a principal place of business in Georgia and whose limited partner

15  is a S.a.r.l., organized under the laws of Luxembourg.  Randstad Professionals is a

16  limited partnership that is comprised of Randstad Professionals General Partner

17  LLC, ("RPGP") (general partner) and RNA (limited partner).  RPGP is a limited

18  liability company whose sole member is RNA, which is a limited partnership whose

19  general partner is a Delaware corporation with a principal place of business in

20  Georgia.  RNA's limited partner is a S.a.r.l., organized under the laws of

21  Luxembourg.  Thus, Defendant Sapphire's limited and general partners are not

22  citizens of California. (Ex. D at ¶ 5).

23       c.    Defendant B2B is a limited partnership that was created in the

24  State of Delaware and is comprised of Sapphire General Partner, LLC ("SGP")

25  (general partner) and Randstad Professionals (limited partner).  SGP is a limited

26  liability company whose sole member is RNA, whose general partner is a Delaware

27  corporation with a principal place of business in Georgia and whose limited partner

28  is a S.a.r.l. organized under the laws of Luxembourg.  Randstad Professionals is a

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4830-0897-0762.1                                    57

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

1   limited partnership that is comprised of Randstad Professionals General Partner
2   LLC, ("RPGP") (general partner) and RNA (limited partner).  RPGP is a limited
3   liability company whose sole member is RNA, which is a limited partnership whose
4   general partner is a Delaware corporation with a principal place of business in
5   Georgia.  RNA's limited partner is a S.a.r.l., organized under the laws of
6   Luxembourg.  Thus, Defendant B2B's limited and general partners are not citizens
7   of California. (Ex. D at ¶ 6).

8          d.      Defendant RIS is a limited partnership that was created in the State of
9   Delaware is comprised of RGP (general partner) and RUS (limited partner).  RGP is
10  a limited liability company whose sole member is RNA.  RNA is a limited
11  partnership whose general partner is a Delaware corporation with a principal place
12  of business in Georgia.  RNA's limited partner is a S.a.r.l., organized under the laws
13  of Luxembourg.  RUS is a limited partnership that was created in the State of
14  Delaware and is comprised of Randstad General Partner, LLC ("RGP") (general
15  partner) and Randstad North America, LP ("RNA") (limited partner).  RGP is a
16  limited liability company whose sole member is Randstad North America L.P.
17  ("RNA").  RNA is a limited partnership whose general partner is a Delaware
18  corporation with a principal place of business in Georgia.  RNA's limited partner is
19  a S.a.r.l., organized under the laws of Luxembourg. ·Thus, Defendant RIS's limited
20  and general partners are not citizens of California. (Ex. D at ¶ 7).

21         e.      Defendant Randstad Professionals is a limited partnership that
22  was created in the State of Delaware and is comprised of Randstad Professionals
23  General Partner LLC, ("RPGP") (general partner) and RNA (limited partner).
24  RPGP is a limited liability company whose sole member is RNA, which is a limited
25  partnership whose general partner is a Delaware corporation with a principal place
26  of business in Georgia.  RNA's limited partner is a S.a.r.l., organized under the laws
27  of Luxembourg.  Thus, Defendant Randstad Professionals' limited and general
28  partners are not citizens of California. (Ex. D at ¶ 8).

4830-0897-0762.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   f.   Defendant Locum is a limited liability company that was created

2   in Ohio and whose sole member is Randstad Professionals.  Randstad Professionals

3   is a limited partnership that is comprised of Randstad Professionals General Partner

4   LLC, ("RPGP") (general partner) and RNA (limited partner).  RPGP is a limited

5   liability company whose sole member is RNA, which is a limited partnership whose

6   general partner is a Delaware corporation with a principal place of business in

7   Georgia.  RNA's limited partner is a S.a.r.l., organized under the laws of

8   Luxembourg.  Thus, Defendant Locum's members are not citizens of California.

9   (Ex. D at ¶ 9).

10   13.   Because none of the 6 defendants that existed at the time Plaintiff filed

11   his complaint are citizens of California, there is plainly complete diversity and this

12   Court has original jurisdiction pursuant to CAFA and removal is proper.  (Ex. D at ¶

13   10).

14   **C.   The Amount in Controversy Requirement Is Satisfied**

15   14.   The claims of the individual members in a class action are aggregated

16   to determine if the amount in controversy exceeds the sum or value of $5,000,000.

17   28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be

18   appropriate under CAFA if the value of the matter in litigation exceeds $5,000,000

19   either from the viewpoint of the plaintiff or the viewpoint of the defendant, and

20   regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory

21   relief).  *Senate Judiciary Committee Report*, S. REP. 109-14, at 42.  Moreover, the

22   legislative history of CAFA instructs that CAFA's jurisdictional provisions "should

23   be read broadly, with a strong preference that interstate class actions should be heard

24   in a federal court if removed by any defendant."  *See* S. Rep. No. 109-14, at 43

25   (2005) (statement of Congressman Sensenbrenner).  Thus, courts recognize that if

26   the propriety of federal court jurisdiction is uncertain, courts should, "err in favor of

27   exercising jurisdiction over the case."  *In re Textainer Partnership Sec. Litig.*, No. C

28   05-0969 MMC, 2005 U.S. Dist. LEXIS 26711 (N.D. Cal. July 27, 2005).  Therefore,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4830-0897-0762.1

59

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

1   under CAFA, any doubt about federal jurisdiction is resolved in favor of removal.

2       15.    When the amount in controversy is not apparent from the face of the

3   Complaint, a defendant may state underlying facts supporting its assertion that the

4   amount in controversy exceeds the jurisdictional threshold and the court may

5   consider facts contained in the removal petition. *Gaus v. Miles, Inc.*, 980 F.2d 564,

6   566-67 (9th Cir. 1992). A defendant may properly remove a suit notwithstanding a

7   plaintiff's claim that the damages alleged in his complaint are less than the

8   jurisdictional minimum. *See Loudermilk v. United States Nat'l Assoc.*, 479 F.3d 994

9   (9th Cir. 2007). In such cases, a defendant must establish that the amount in

10   controversy necessary for removal under CAFA is satisfied, notwithstanding the

11   prayer for relief in the Complaint. *Id.* at 996. Under this approach and assuming

12   *arguendo* that Plaintiff obtains class certification (which Defendants believe he will

13   not), the alleged amount in controversy in this class action is certain to exceed, in

14   the aggregate, $5,000,000. The Complaint alleges 12 putative classes that consist of

15   all Recruiters and Account Managers (and those with substantially similar job titles

16   or job duties) employed in the State of California during the last four years. During

17   the relevant period, Defendants Sapphire, Randstad Professionals, B2B and Locum

18   employed at least 257 Recruiters or Account Managers in California (hereinafter

19   "Group 1 Account Managers and Recruiters") and Defendants RIS and RUS

20   employed at least 155 Recruiters or Account Managers in California (hereinafter

21   "Group 2 Account Managers and Recruiters") and (*See* Ex. C at ¶ 3; Ex. D at ¶ 11).

22   Thus, in total, Defendants employed at least 412 Recruiters and Account Managers

23   during the relevant time period. The average hourly wage of the Group 1 Recruiters

24   and Account Managers was $16.15 per hour and the average hourly rate of the

25   Group 2 Account Managers and Recruiters was $20.20 per hour.

26       16.    Of those at least 412 employees, approximately 133 were continuously

27   employed in California during the entire 4 year putative class period preceding the

28   filing of the Complaint. Approximately 186 of these employees have been

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

1   continuously employed in California during the period of June 1, 2010 through June

2   1, 2011. (*See* Ex. C at ¶ 3; Ex. D at ¶ 11). At least 204 of these employees have

3   terminated their employment since June 1, 2008. (See Ex. C at ¶ 4; Ex. D at ¶ 12).

4       17.    The Complaint seeks to recover for alleged unpaid wages, for failure to

5   provide meal and rest periods, for failure to provide accurate wage statements, for

6   failure to pay overtime wages, penalties, injunctive relief, restitution, disgorgement

7   of all sums obtained through alleged unfair business practices and attorneys' fees

8   and costs. Plaintiff specifically seeks restitution for all wages and other monies

9   allegedly withheld from him (and all members of the putative class) based on a

10  purported failure to provide them with overtime and meal and rest periods.

11  Plaintiff's overtime and meal and rest break claims extend back four years from the

12  filing of the Complaint.[2] Plaintiff also seeks penalties for allegedly failing to

13  provide proper wage statements. (Ex. A at ¶ 7). With respect to his wage statement

14  claim, Plaintiff also seeks, on behalf of the putative class, penalties in the amount of

15  $50 for the initial pay period in which a violation occurred and $100 for each

16  violation in a subsequent pay period, up to a maximum of $4,000 per employee. *(Id.*

17  at ¶ 97). Although Plaintiff alleges that the amount of damages he is seeking

18  pursuant to his individual and class claims is within the jurisdictional threshold,

19  Plaintiff has essentially placed no cap on the amount of damages that he is seeking

20  inasmuch as he has qualified his prayer by stating "unless and until it is determined .

21  . . that the aggregate claims exceed the jurisdictional amount." (*Id.* at

22  WHEREFORE, paragraph z.).

23      18.    All calculations supporting the amount in controversy are based on the

24  Complaint's allegations, as well as other documents as identified herein, assuming,

25

26  [2] The statute of limitations for Plaintiff's overtime and meal and rest break claims
27  are based on the four-year statute of limitations period adopted by California's
    "unfair competition law," codified as *Business and Professions Code* § 17200 *et seq.*

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

1   without any admission, the truth of the facts alleged and assuming liability is

2   established.

3        19.   **Unpaid Meal/Rest Break Compensation.**  Plaintiff seeks recovery on

4   behalf of himself and the putative class members for alleged (1) failure to provide

5   meal periods; and (2) failure to provide rest breaks.  Pursuant to California *Labor*

6   *Code* § 226.7, the compensation owed for a meal or rest period that is not provided

7   is one hour of an aggrieved employee's pay for each day that a meal period is not

8   provided and one hour of pay for each day that a rest break is not provided.  Plaintiff

9   alleges all members of the putative class were systematically deprived of state-

10  mandated meal and rest breaks throughout the class period due to Defendants'

11  alleged "established company policy" that "failed to always comply" with the meal

12  and rest break requirement. (Complaint, ¶ 75).  Plaintiff goes on to allege

13  Defendants "always" failed to provide a first meal break and "in some cases," a

14  second meal break. (Complaint, ¶ 75).  Plaintiff seeks 1 hour of pay for each meal

15  break violation and 1 hour of pay for each rest break violation.  (Complaint, ¶¶ VI.

16  e. and VI. h.).  Plaintiff clearly places at issue that Recruiters and Account Managers

17  never received either a rest or meal break during their employment with Defendants

18  because at all times they were classified as exempt employees not entitled to meal

19  and rest breaks.  Based on Plaintiff's allegations concerning 10 violations per week

20  (5 meal and 5 rest) per employee during a four-year period, the total amount in

21  controversy based on these claims alone would be:  (105 Group 1 Recruiters and

22  Account Managers continuously employed throughout the 4 year class period

23  preceding the filing of the Complaint) x (4 year class period) x (50 workweeks/year)

24  x (10 violations/week) x ($16.15 average hourly rate of the putative class members

25  during the putative class period) + (28 Group 2 Recruiters and Account Managers

26  continuously employed throughout the 4 year class period preceding the filing of the

27  Complaint) x (4 year class period) x (50 workweeks/year) x (10 violations/week) x

28  ($20.20 average hourly rate of the putative class members during the putative class

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-0897-0762.1

period) =**$4,522,700**.  This very conservative estimate is based only on the 133 putative class members who were employed during the entire statute of limitations period and attributes <u>no</u> damages to the remaining 279 putative class members that were employed for any period of time less than the full statute of limitations period.

20.    **Overtime Compensation**.  Plaintiff separately alleges that he and the putative class members were misclassified as exempt from California's overtime requirement and were "consistently" scheduled to work and in fact worked in excess of eight hours per day or in excess of 40 hours per week without receiving overtime compensation.  (Ex. A at ¶ 57).  Plaintiff also alleges that all of the putative class members were paid on a salary basis with no overtime compensation.  (*Id.*).  Taking into account Plaintiff's class-wide allegations that Defendants consistently required all Recruiters and Account Managers to work substantial overtime, and using a conservative estimate of one hour of alleged unpaid overtime compensation per week, the amount in controversy based on this claim would be:  (105 Group 1 Recruiters and Account Managers continuously employed throughout the 4 year class period preceding the filing of the Complaint) x (4 year class period) x (50 workweeks/year) x (one overtime hour per week) x ($16.15 average hourly rate of the putative class members during the putative class period) x (1.5 overtime premium multiplier) + (28 Group 2 Recruiters and Account Managers continuously employed throughout the 4 year class period preceding the filing of the Complaint) x (4 year class period) x (50 workweeks/year) x (one overtime hour per week) x ($20.20 average hourly rate of the putative class members during the putative class period) x (1.5 overtime premium multiplier) = **$678,405**.  Again, this estimate is based only on the 133 putative class members who were employed during the entire statute of limitations period and attributes <u>no</u> damages to the remaining 279 putative class members that were employed for any period of time less than the full statute of limitations period.

/ / /

4830-0897-0762.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

21.   **Waiting-Time Penalties.**  Plaintiff also seeks to recover penalties for alleged violations of California *Labor Code* § 203, for failure to pay former employees all wages due and payable at the time of termination of employment. Plaintiff alleges that he and the putative class members are entitled to these damages based on Defendants' policy of exempting all of their Account Managers and Recruiters from the overtime provisions of California law and attendant failure to pay overtime to any of these employees or to provide meal and rest breaks.  Taking Plaintiff's allegations as true, this would mean that none of the class members ever received payment for these alleged overtime hours worked such that each class member whose employment was terminated during the class period would be entitled to 30 days' wages.  From June 1, 2008 through June 1, 2011, 107 Sapphire, Randstad Professionals, B2B and Locum Recruiters and Account Managers and 97 RIS and RUS Recruiters and Account Managers have terminated their employment with Defendants.  Therefore, these employees would be entitled to eight hours of pay for 30 days in penalties,  and the exposure for the waiting time penalties amounts to ($16.15 average hourly rate) x (8 hours per day) x (30 days) x (107 terminated Group 1 Account Managers and Recruiters) + (20.20 average hourly rate) x (8 hours per day) x (30 days) x (97 Group 2 terminated Account Managers and Recruiters) =**$884,988**

22.   **Wage Statement Penalties.**  Plaintiff also seeks to recover penalties on behalf of himself and the putative class members for alleged violations of California *Labor Code* § 226, for failure to provide accurate wage statements that comply with the requirements of California law.  The statute of limitations for recovery of penalties under *Labor Code* § 226 is one year.  Cal. *Civ. Proc. Code* § 340(a). Courts have assumed a 100% violation rate in calculating the amount in controversy for removal purposes when the complaint does not allege a more precise calculation. *See Coleman v. Estes Express Lines, Inc.,* 2010 U.S. Dist. LEXIS 79772 at *18-19 (C.D. Cal. 2010) ("Plaintiff included no limitation on the number of violations, and,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4830-0897-0762.1

14

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR

1  taking his complaint as true, Defendants could properly calculate the amount in

2  controversy based on a 100% violation rate).  *Labor Code* § 226(e) provides that

3  damages are the greater of all actual damages or $50 for the first violation and $100

4  for every violation thereafter, per employee, up to $4,000.  Thus, should Plaintiff

5  prevail on this claim on a class-wide basis, each class member would be entitled to

6  penalties up to a statutory maximum of $4,000.  Thus, the total potential amount in

7  controversy regarding these penalties would be ($4,000 maximum statutory penalty)

8  x (150 continuously employed Group 1 Account Managers and Recruiters

9  throughout the 1 year class period preceding the filing of the Complaint) + ($4,000

10 maximum statutory penalty) x (36 continuously employed Group 2 Account

11 Managers and Recruiters throughout the 1 year class period preceding the filing of

12 the Complaint) = **$744,000.**

13         23.    Thus, the total amount in controversy based on the allegations

14 concerning unpaid overtime wages, unpaid meal and rest break penalties, wage

15 statement penalties and waiting time penalties alone, using these conservative

16 estimates, is at least **$6,830,093** which well exceeds the jurisdictional threshold of

17 $5,000,000.

18         24.    The Complaint also alleges that putative class members are entitled to

19 recover attorneys' fees.  (Ex. A at ¶¶63, 78, 88 and 99).  Attorneys' fees are

20 recoverable pursuant to Plaintiff's claims under the California *Labor Code* and the

21 claims asserted on behalf of the putative class and therefore must be considered for

22 purposes of calculating the amount in controversy for removal purposes.  *See Galt*

23 *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding that

24 attorney fees' award pursuant to state statute are to be considered in determining

25 whether the requisite amount is met for diversity jurisdiction regardless of whether

26 award is discretionary or mandatory); *see also Simmons v. PCR Tech*, 209 F. Supp.

27 2d 1029, 1034 (N.D. Cal. 2002) (stating that attorneys' fees in employment cases

28 often "exceed the damages" and are properly considered when determining the

4830-0897-0762.1

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   amount in controversy requirement).   The Ninth Circuit uses a benchmark rate of
2   25% of the potential damage as an estimate for attorneys' fees.  *See Six Mexican*
3   *Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990); *Muniz v.*
4   *Pilot Travel Centers, LLC*, 2007 WL 1302504, at *4, fn 8 (E.D. Cal. May 1, 2007).
5   Applying this rate to Defendants' aforementioned calculations of the amounts in
6   controversy, Plaintiff's claim for attorneys' fees is at least **$ 1,707,523.20** [(.25) x
7   ($6,830,093)].

8         25.     Thus, although Defendants deny Plaintiff's allegations or that Plaintiff,
9   or the putative class that he purports to represent, are entitled to the relief for which
10   he has prayed, based on Plaintiff's allegations and prayer for relief, as a matter of
11   legal certainty the amount in controversy is at least **$8,537,616.20**.  This
12   conservative amount clearly exceeds the $5,000,000 threshold set forth under 28
13   U.S.C. § 1332(d)(2).

14        26.     Defendants' estimates regarding overtime pay and meal and rest break
15   penalties are based only on the 133 putative class members that were employed
16   during the entire statute of limitations period.  If Plaintiff seeks <u>any</u> recovery of
17   overtime pay and meal and rest break penalties on behalf of the other 279 putative
18   class members that were employed for any period of time less than the entire statute
19   of limitations period, the damages sought could be two or three times the estimates
20   set forth herein.

21        27.     Therefore, because complete diversity of citizenship exists and the
22   amount in controversy exceeds $5,000,000 to a legal certainty, this Court has
23   original jurisdiction of the action pursuant to 28 U.S.C. §§ 1332(d) and 1338.
24   Therefore, removal of this action to this Court is proper.

25   **D.     Plaintiff Cannot Demonstrate The Existence Of A CAFA Exception**
26        28.     As a threshold matter, Plaintiff bears the burden of establishing any
27   exceptions to CAFA jurisdiction.  *Serrano*, 478 F.3d at 1019 (9th Cir. 2007).  CAFA
28   provides for two mandatory exceptions and one discretionary exception to the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4830-0897-0762.1

1  application of federal jurisdiction. 28 USC §1332(d)(3)-(4)(A)-(B). Importantly,
2  every CAFA exception mandates that at least one defendant be a resident of the
3  "State in which the action was originally filed." *Id.* In this case, none of those
4  exceptions apply because none of the Defendants that were in existence at the time
5  Plaintiff filed his Complaint are citizens of California. (*See* ¶12(a)-(f) *supra*).
6  Because all of the defendants that were in existence at the time Plaintiff filed his
7  Complaint are not citizens of California -- i.e., the State where this action was filed,
8  Plaintiff cannot meet his burden of establishing that any CAFA exception is
9  applicable.

10       WHEREFORE, Defendants pray that the above action pending before the
11  Superior Court of the State of California for the County of Orange be removed to
12  the United States District Court for the Central District of California.

13

14  DATED: July 8, 2011                    Respectfully submitted,

15                                         **LEWIS BRISBOIS BISGAARD &
                                           SMITH LLP**
16

17                                         By:_____
18                                             John L. Barber
                                               Tracy Wei Costantino
19                                             Shawna Rasul
                                               Attorneys for Defendants
20

21

22

23

24

25

26

27

28

4830-0897-0762.1

DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR
THE CENTRAL DISTRICT OF CALIFORNIA

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW