**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Objectors

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT - SOUTHERN DIVISION

| | |
|---|---|
| GRANT CASSERLY, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>RANDSTAD US, L.P., *et al.*<br><br>        Defendants. | Case No.: 8:12-cv-01023 DOC (Anx)<br><br>Honorable David O. Carter<br>Courtroom 9D<br><br>**NOTICE OF OBJECTIONS TO CLASS SETTLEMENT AND INTENT TO APPEAR AT FINAL APPROVAL HEARING**<br><br>Date:        December 17, 2012<br>Time:        8:30 a.m.<br><br>Action Filed: June 21, 2012 |

# **TABLE OF CONTENTS**

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    LAW & ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.    Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.    The Grounds For Subject Matter Jurisdiction May Be Challenged
              at Any Time . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        C.    The Court Must Have Jurisdiction In Order to Approval
              a Class Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        D.    The Notice of Removal Failed to Establish Federal Subject Matter
              Jurisdiction and Therefore the Motion Must be Denied and the Action
              Remanded to State Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        E.    The Settlement Process Violates the Ninth Circuit's Decision
              in *Mercury Insurance* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

        F.    The Settlement Violates the Ninth Circuit Decision in *Dennis* . . . . . . . . . . . 15

        G.    The Settlement Provides for an Unreasonable Service Award
              Given the Circumstances of this Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

        H.    The Settlement Terms Prohibiting Compensation for Meritorious
              Objections Violates the Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

# TABLE OF AUTHORITIES

**Cases Cited:**                                                                                       **Page(s):**

*California v. Pinnacle Sec.,*
    746 F. Supp. 2d 1129, 2010 U.S. Dist. LEXIS 107794 (N.D. Cal. 2010) . . . . . . 2, 10

*Dennis v. Kellogg Co.,*
    2012 U.S. App. LEXIS 18576 (9th Cir. September 4, 2012) . . . . . . . . . . . . . 3, 15, 16

*Devlin v. Scardelletti,*
    536 U.S. 1, 14, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002) . . . . . . . . . . . . . . . 1, 5, 17

*Gaus v. Miles,*
    980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.,*
    545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005) 10

*Hackler v. Berkeley Bowl Produce, Inc.,*
    2010 U.S. Dist. LEXIS 79516, *7 (N.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Herman Family Revocable Trust v. Teddy bear,*
    254 F.3d 802, 806 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Herrick v. SCS Communications, Inc.,*
    251 F.3d 315 (2d. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Holliman v. Kaiser Found. Health Plan,*
    2006 U.S. Dist. LEXIS 14627, 2006 WL 662430 (N.D. Cal. Mar. 14, 2006) . . . 2, 12

*In re Bluetooth Headset Prods. Liab. Litig.,*
    654 F.3d 935 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Sasson,*
    424 F.3d 864, 876 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.,*
    2011 U.S. Dist. LEXIS 2225 (N.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

*Jones v. Giles,*
    741 F.2d 245 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 8, 9

*Jones v. GN Netcom, Inc.,*
    654 F.3d 935 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Karambelas v. Hughes Aircraft Co.,*
    992 F.2d 971, 973 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Libhart v. Santa Monica Dairy Co.,*
    592 F.2d 1062, 1065 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

*Lippitt v. Raymond James Financial Services*,
    340 F.3d 1033 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 11

*Lowery v. Ala. Power Co.*,
    483 F.3d 1184, 1213 (11th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Kelton Arms Condo Assn. v. Homestead Ins. Co.*,
    346 F.3d 1190, 1192 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*,
    618 F.3d 988 (9th Cir 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 13, 14

*Machado v. Pep Boys*,
    2008 U.S. Dist. LEXIS 40890;
    44 Employee Benefits Cas. (BNA) 1054 (C.D. Cal. 2008) . . . . . . . . . . . 1, 5, 7, 8, 13

*Molski v. Gleich*,
    318 F.3d 937 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Nishimoto v. Federman-Bachrach & Assocs.*,
    903 F.2d 709, 712 n. 3 (9th Cir.1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Officers for Justice v. Civil Service Comm.*,
    688 F.2d 615 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*O'Halloran v. Univ. of Washington*,
    856 F.2d 1375 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pelloni v. WE: Women's Entertainment Network*,
    2008 U.S. Dist. LEXIS 89201 (C.D. Cal 2008) . . . . . . . . . . . . . . . . . . 2, 9, 10, 11, 12

*Pope v. Wells Fargo Bank, N.A.*,
    2010 U.S. Dist. LEXIS 125341;
    17 Wage & Hour Cas. 2d (BNA) 322 (E.D. Cal. 2010) . . . . . . . . . . . . . . . . . 11, 12

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 16, 17, 18

*Roskind v. Morgan Stanley Dean Witter & Co.*,
    165 F. Supp. 2d 1059 (N.D. Cal. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10, 12

*Sakkis v. Artisan Pictures, Inc.*,
    2008 WL 683388, *3 (C.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Scott v. Pasadena Unified School Dist.*,
    306 F.3d 646, 664 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*SEC v. Internet Sensations for Business, Inc.*,
    509 F.3d 1161, 1165 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sparta Surgical Corp. v. Nat'l Assn. Sec. Dealers*,
    159 F.3d 1209, 1211 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Stenswick v. Bowen,*
   815 F.2d 519, 521 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Strickland v. Wells Fargo Bank,*
   2011 U.S. Dist. LEXIS 3983 (N.D. Cal. 2011) . . . . . . . . . . . . . . . . . . . . 2, 10, 12, 13

*Toumajian v. Frailey,*
   135 F.3d 648 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9

*Trew v. Volvo Cars of North America,*
   2007 WL 2239210 (E.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Watts v. Pickney,*
   752 F.2d 406, 409 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Williams v. Wells Fargo Bank, N.A.,*
   2010 U.S. Dist. LEXIS 91158 (C.D. Cal. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# I.     INTRODUCTION

Class members Eric LaGuardia and Jeffrey Leas respectfully object to the proposed class settlement reached by Plaintiff Casserly and requests the opportunity to appear at the December 17, 2012  Final Approval Hearing to present argument in opposition to the fairness, adequacy and reasonableness of the proposed class settlement in the above-entitled action.[1]  Class members Eric LaGuardia and Jeffrey Leas are represented by their counsel, Blumenthal, Nordrehaug & Bhowmik, and are the named plaintiffs in action against Defendants currently pending in San Diego County Superior Court, Case No. 37-2011-00102924 and Case No. 37-2012-00092029, respectively.

A district court's approval of a class action settlement is contingent on "finding that it is fair, reasonable, and adequate." Fed. R. Civ. Pro. 23(e)(2); see also *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003). A district court is required to consider class members' objections to a class action settlement.  Fed. R. Civ. Pro. 23(e)(5); *Devlin v. Scardelletti*, 536 U.S. 1, 14, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002).

In response to the Notice of Class Action Settlement ("Notice") he received, Mr. LaGuardia and Mr. Leas object to the proposed class settlement on the following grounds:

<u>First</u>, The Court does not have subject matter jurisdiction, and therefore the settlement cannot be approved. *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984); *Machado v. Pep Boys*, 2008 U.S. Dist. LEXIS 40890; 44 Employee Benefits Cas. (BNA) 1054 (C.D. Cal. 2008).  This action was previously removed on the basis of diversity CAFA jurisdiction, but was remanded by Order of this Court.  [Doc. No. 1].  Following mediation and the agreement to settlement terms, Defendant removed this action a second time.  The sole basis for the second removal was federal question jurisdiction under 28 U.S.C. §1331 based upon the seventh cause of action under California Business & Professions Code §17200, et seq. ("UCL").  [Doc. No. 1].  Courts hold that in circumstances identical to this action that removal on this basis is improper. *Pelloni*

---

[1]  Eric LaGuardia (2683) and Jeffery Leas (3555) are undisputed members of the settlement class who received Notice and should be reached only through their counsel of record.

1  *v. WE: Women's Entertainment Network*, 2008 U.S. Dist. LEXIS 89201, *16 (C.D. Cal

2  2008)("Given the narrow judicial construction of 'substantial federal question' jurisdiction, the

3  mere fact that the UCL claims could be derivative of FLSA or RICO claims does not establish

4  jurisdiction."); see also *Lippitt v. Raymond James Financial Services*, 340 F.3d 1033 (9th Cir.

5  2003); *California v. Pinnacle Sec.*, 746 F. Supp. 2d 1129, 2010 U.S. Dist. LEXIS 107794 (N.D.

6  Cal. Sept. 30, 2010) (remanding action under section 17200 where "plaintiff has alleged that

7  defendant violated a number of state laws only one of which partially references any federal

8  law"); *Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059, 1067 (N.D. Cal.

9  2001); *Holliman v. Kaiser Found. Health Plan*, No. C-06-0755, 2006 U.S. Dist. LEXIS 14627,

10  2006 WL 662430, at *4 (N.D. Cal. Mar. 14, 2006).  In a UCL claim, "the fact that a federal law

11  is 'borrowed' does not by itself establish jurisdiction in this court."  *Strickland v. Wells Fargo*

12  *Bank*, 2011 U.S. Dist. LEXIS 3983, *10 (N.D. Cal. 2011).  Because removal was improper and

13  federal jurisdiction lacking, final approval of the settlement must be denied and the action

14  remanded to state court.

15      *Second*, the settlement process used by Plaintiff violates the Ninth Circuit's rule as set

16  forth in *Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988 (9th

17  Cir 2010).  In *Mercury Insurance*, the Court of Appeals explained "We hold that the district

18  court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting

19  the objection deadline for class members on a date before the deadline for lead counsel to file

20  their fee motion. Moreover, the practice borders on a denial of due process because it deprives

21  objecting class members of a full and fair opportunity to contest class counsel's fee motion."

22  *Id.*, at 993.  As a result of this violation of the rules applicable to settlement approval, class

23  members have been denied their due process opportunity to review, comment and object to the

24  portion of the settlement concerning attorneys' fees.  Mr. LaGuardia and Mr. Leas are unable

25  to fully present an objection to attorneys' fees, and therefore generally objects to the

26  reasonableness of attorneys' fees in excess of $1 million for which no timely motion or billing

27  records have been submitted, and therefore cannot be approved.   *Id.*, at 993; *Jones v. GN*

28  *Netcom, Inc.*, 654 F.3d 935, 943-4 (9th Cir. 2011).

1    Third, the settlement cannot be approved by the Court because the *cy pres* terms of the

2    Settlement violate the settlement rules established by the Ninth Circuit in *Dennis v. Kellogg Co.*,

3    2012 U.S. App. LEXIS 18576 (9th Cir. September 4, 2012).  In *Dennis*, the Court of Appeals

4    held the cy pres provisions must be related to the class or the underlying claims and explained

5    the concerns of collusion as to cy pores distributions:

> When selection of cy pres beneficiaries is not tethered to the nature of the lawsuit
> and the interests of the silent class members, the selection process may answer to
> the whims and self interests of the parties, their counsel, or the court.

8    *Id.*, at *19.

9    As a result, the Court reversed the settlement approval, finding that "the district court did not

10   apply the correct legal standards governing cy pres distributions and thus abused its discretion

11   in approving the settlement."  *Id.*, at *3.  Here, the designation of the cy pres beneficiary as the

12   "International Rett Syndrome Foundation" (Settlement Agreement at section 6.1.3) plainly

13   violates the settlement rules set forth in *Dennis*, and affirmatively demonstrates the self interests

14   of the settling parties.  Accordingly, the approval of the settlement in this case must be denied

15   as it was in *Dennis*.

16   Fourth, Mr. LaGuardia and Mr. Leas object to the service award provided to the named

17   Plaintiff by the Settlement Agreement.  While Courts have approved service awards in the range

18   of $30,000, these awards involve widely different circumstances.  Here, where there has been

19   no litigation, where the Plaintiff never appeared for deposition, and where the only personal

20   involvement of the Plaintiff appears to be participating in the settlement, service award of

21   $30,000 is not reasonable.

22   For these reasons, Mssrs. LaGuardia and Leas respectfully submit that final approval of

23   the Settlement must be denied.

24

25   ## II.   PROCEDURAL HISTORY

26   On June 1, 2011, Plaintiff Grant Casserly ("Plaintiff') filed his initial Complaint in the

27

28

Superior Court of the State of California in and for the County of Orange.[2] [Doc. No. 1].  On July 6,2011, Defendants filed their Answer to the initial Complaint. [Doc. No. 1].  The Casserly action was removed to Federal Court on July 8, 2011 pursuant to 28 U.S.C. §§ 1332(d),1441,1446 and 1453 based upon alleged CAFA diversity jurisdiction. On September 22,2011, the case was remanded back to Orange County Superior Court.  [Doc. No. 1].

On December 23, 2011, Eric LaGuardia filed a related class action against Defendant Randstad Professionals on behalf of an overlapping putative class.[3]  On April 25, 2012, Mr. LaGuardia filed a petition for coordination with respect to the *Casserly* action along with the *LaGuardia* action and the related *Leas* action, all of which were pending in state court.

On March 21, 2012 Plaintiff Casserly and Defendants participated in one full day mediation with Steve Rottman, Esq. [Doc. No. 14-1].  The negotiations resulted in the Settlement which is now before this Court for consideration of final approval.  [Doc. No. 14-1].

On June 1, 2012, Plaintiff Casserly, pursuant to a stipulation between the parties, filed a First Amended Complaint in the Superior Court of the State of California in and for the County of Orange. [Doc. No. 1]. The First Amended Complaint added new allegations in the Seventh Cause of Action for Unfair Business Practices which was the basis for removal to Federal Court. [Doc. No. 1].  The new allegation in the UCL cause of action was a statement that, in addition to violating state statutes and being unfair and deceptive, the Defendants also violated the Fair Labor Standards Act, 29 U.S.C. §201, et seq. (the "FLSA").  (First Amended Complaint at ¶¶ 123-127 [Doc. No. 1].

On June 21, 2012, Defendants removed the Casserly action a second time to Federal Court. [Doc. No. 1].  This removal was based solely upon federal question jurisdiction under 28 U.S.C. §1331.  [Doc. No. 1].  Defendant maintained that removal was proper because one of the many borrowed violations in the UCL cause of action was a violation of the Fair Labor

---

[2]  In seeking Preliminary Approval, Plaintiff erroneously represented that the initial Complaint was filed on January 18, 2011 [Doc. No. 14-1].

[3]  The action by Mr. Leas was filed in San Diego Superior Court on February 10, 2012.

1  Standards Act.  [Doc. No. 1].

2          On September 10, 2012, this Court granted preliminary approval and ordered that Notice

3  be sent to the members of the Class. [Doc. No. 17].  Notice appears to have been mailed on

4  October 19, 2012.  Mr. LaGuardia received his Notice on or about October 23, 2012.

5          The deadline for objections was listed in the Notice as November 19, 2012.  By this

6  objection, Mssrs. LaGuardia and Leas have timely objected to the settlement and provided the

7  parties with his intent to appear through counsel at the Final Approval Hearing.

8

9  **III.    LAW & ANALYSIS**

10         **A.    Legal Standard**

11         Before approving a class action settlement, Courts must reach a reasoned judgment that

12  the proposed settlement is fair, reasonable and adequate as to the members of the class.  *Moleski*

13  *v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003); *Officers for Justice v. Civil Service Comm.*, 688

14  F.2d 615, 625 (9th Cir. 1982).  The factors considered generally include:

15              the strength of plaintiffs' case; the risk, expense, complexity, and likely duration
16              of further litigation; the risk of maintaining class action status throughout the
                trial; the amount offered in settlement; the extent of discovery [**38] completed,
17              and the stage of the proceedings; the experience and views of counsel; the
                presence of a governmental participant; and the reaction of the class members to
18              the proposed settlement.

19  *Moleski*, 318 F.3d at 953; *Officers for Justice*, 688 F.2d at 625.

20         In order to ensure that the Court possesses sufficient information to make this evaluation,

21  a dissatisfied class member is entitled to object to a class action settlement.  *Manual for*

22  *Complex Litigation* §21.643 (4th Ed. 2004); *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002);

23  *Powers v. Eichen*, 229 F.3d 1249, 1251 (9th Cir. 2001); *Machado v. Pep Boys*, 2008 U.S. Dist.

24  LEXIS 40890, at *5; 44 Employee Benefits Cas. (BNA) 1054 (C.D. Cal. 2008). "Objectors can

25  provide important information regarding the fairness, adequacy and reasonableness of

26  settlements.  Objectors can also play a beneficial role in opening a proposed settlement to

27  scrutiny and identifying areas that need improvement."  *Manual for Complex Litigation*

28  §21.643.

1    Upon receiving the objection of a dissatisfied class member, the Court must balance the

2    purpose of class action settlements against its duty to safeguard the interests of absent class

3    members. *Trew v. Volvo Cars of North America*, 2007 WL 2239210, *2 (E.D. Cal. 2007),

4    quoting *Manual for Complex Litigation* at §21.635. The Court must "insure that it has adequate

5    information before it to inform an intelligent and objective opinion of the fairness and adequacy

6    of the settlement. *Newberg on Class Actions* §11.58 (4th Ed. 2002). "At the fee-setting stage

7    when fees are to come out of the settlement fund, the district court has a fiduciary role for the

8    class." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 968 (9th Cir. 2009).

9    Where, as here, class counsel negotiates a settlement agreement before the class is

10   certified, courts "must be particularly vigilant not only for explicit collusion, but also for more

11   subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain

12   class members to infect the negotiations." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d

13   935, 947 (9th Cir. 2011). In such a case, settlement approval "requires a higher standard of

14   fairness" and "a more probing inquiry than may normally be required under Rule 23(e)."

15   *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

16   Finally, the "settlement must stand or fall in its entirety." *Hanlon*, 150 F.3d at 1026. The

17   Court may not "may not delete, modify, or substitute certain provisions" of the settlement

18   agreement but rather "must consider the proposal as a whole and as submitted". *Officers for*

19   *Justice*, 688 F.2d at 630.

20

21   **B.    The Grounds For Subject Matter Jurisdiction May Be Challenged at Any**
     **      Time**
22

23   A District Court is obligated to consider subject matter jurisdiction whenever the issue

24   is brought to the court's attention. *Herrick v. SCS Communications, Inc.*, 251 F.3d 315, 333

25   (2d. Cir. 2001) (relying on the "fundamental principle that the limits on federal subject matter

26   jurisdiction cannot be waived, and may be challenged at any time"); *Toumajian v. Frailey*, 135

27   F.3d 648, 657-8 (9th Cir. 1998) ("[T]he district court was obligated to consider the motion to

28   remand, and the threshold question of subject-matter jurisdiction, when the issue was first

1  brought to its attention."); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir.

2  1979) ("[D]efects going to subject matter jurisdiction of the court cannot be waived and may

3  be raised at any time.")

4       If at any point the court determines that federal jurisdiction is lacking, even following

5  preliminary approval of a settlement, then it must remand the case to state court.[4] *Kelton Arms*

6  *Condo Assn. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003); *Sparta Surgical Corp.*

7  *v. Nat'l Assn. Sec. Dealers*, 159 F.3d 1209, 1211 (9th Cir. 1998); *Toumajian*, 135 F.3d at 657;

8  *Machado*, 2008 U.S. Dist. LEXIS 40890, at *5 ("Having determined that it lacks jurisdiction,

9  the Court is unable to approve the settlement"); *Sakkis v. Artisan Pictures, Inc.*, 2008 WL

10  683388, *3 (C.D. Cal. 2008) (remanding case to state court, stating, "the court may - indeed

11  must - remand a case sua spontenit if determines that it lacks subject matter jurisdiction").

12       In *Toumajian*, the plaintiff asserted that the district court lacked subject matter

13  jurisdiction in his response to the defendant's motion to dismiss. *Id.*, at 653. This alone was

14  sufficient to trigger the district court's obligation to consider subject matter jurisdiction. *Id.*,

15  at 657; see also *Karambelas v. Hughes Aircraft Co.*, 992 F.2d 971, 973 (9th Cir. 1993) (although

16  no formal motion to reman was filed, the issue was "put squarely before the district court" when

17  raised in an opposition to a motion). The Ninth Circuit held that the district court in *Toumajian*

18  erred when it ruled on the merits of the motion without first considering the issue of subject

19  matter jurisdiction, and then ordered the case back to state court. *Id.*, at 657.

20

21     [4] Where federal jurisdiction is lacking at the time of removal based upon the removal papers
and the evidence contained therein, "if the court dismisses for lack of subject matter jurisdiction,

22  it has no discretion and must dismiss all claims." *Herman Family Revocable Trust v. Teddy*
*bear*, 254 F.3d 802, 806 (9th Cir. 2001); see also *Scott v. Pasadena Unified School Dist.*, 306

23  F.3d 646, 664 (9th Cir. 2002). In "assessing the propriety of removal, the court considers the

24  document received by the defendant from the plaintiff — be it the initial complaint or a later
received paper — and determines whether that document and the notice of removal

25  unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213

26  (11th Cir. 2007). In following *Lowery*, Judge Wilkin recently rejected an attempt to justify
removal on documents that are not contained in the record at the time of removal. *Hackler v.*

27  *Berkeley Bowl Produce, Inc.*, 2010 U.S. Dist. LEXIS 79516, *7 (N.D. Cal. 2010) ("a court's
analysis on the propriety of removal is limited to a plaintiff's initial pleading or "other paper"

28  served on a defendant after the commencement of the lawsuit.")

1      In *Machado*, as here, the lack of subject matter jurisdiction was raised by an objecting

2  class member.  The *Machado* court explained that it must remand the case to state court if it

3  determines that federal jurisdiction is lacking.  "Given Machado's jurisdictional objection, the

4  Court will revisit the issue of ERISA preemption."  *Machado*, at *6.  Ultimately, the court

5  concluded that there was no jurisdiction based upon a federal question under ERISA, and

6  therefore denied final approval.

7         A court either has jurisdiction or it does not. Having determined that it lacks
       jurisdiction, the Court is unable to approve the settlement. See *Jones v. Giles*, 741

8         F.2d 245, 248 (9th Cir. 1984) (explaining that the "absence of subject matter
       jurisdiction may render a judgment void where a court wrongfully extends its

9         jurisdiction beyond the scope of authority. . . .").

10         Having gained through review a deeper appreciation of the relevant law and facts
       of this case, the Court finds its decision to remand for lack of jurisdiction

11         appropriate. The Court cannot approve a settlement knowing of the jurisdictional
       defect.

12         The Court, therefore, DENIES the motion for final approval of the settlement in

13         Villegas.

14  *Machado*, *27-*29.[5]

15      Moreover, when the question of federal jurisdiction arises, the ninth Circuit has held that

16  any doubts as to federal jurisdiction must be resolved in favor of remand.  *Gaus v. Miles*, 980

17  F.2d 564, 566 (9th Cir. 1992).   The removing party has the burden.   *Nishimoto v.*

18  *Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990).  "We strictly construe

19  the removal statute against removal jurisdiction.  Federal jurisdiction must be rejected if there

20  is any doubt as to the right of removal in the first instance...  The 'strong presumption' against

21  removal jurisdiction means that the defendant always has the burden of establishing that

22  removal is proper."  *Id.*

23

24  _____

25     [5] Notably, the court in *Machado* rejected the argument that federal jurisdiction may be based
upon grounds not contained in the notice of removal.  The notice of removal "cannot be

26  amended to add a separate basis for removal jurisdiction after the thirty day period." *O'Halloran
v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988).  "The Court finds that it lacks

27  jurisdiction since this case was removed on the basis of ERISA, not CAFA, there is no
jurisdiction based upon ERISA preemption, and the time for amending the removal petition has

28  long passed." *Machado*, at *26.

1  Thus, even at this point in the litigation, the Court is obligated to consider the basis for

2  its subject matter jurisdiction.

3

4  **C.    The Court Must Have Jurisdiction In Order to Approval a Class Settlement**

5  The question of federal jurisdiction is crucial because any judgment rendered without

6  proper jurisdiction is void, including a settlement agreement.  Federal courts are courts of

7  limited jurisdiction, thus, "[a]bsence of subject matter jurisdiction may render a judgment void

8  where a court wrongfully extends its jurisdiction beyond the scope of its authority... A void

9  judgment... ...is legally ineffective from inception." *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir.

10  1984); see *SEC v. Internet Sensations for Business, Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007);

11  *In re Sasson*, 424 F.3d 864, 876 (9th Cir. 2005); *Watts v. Pickney*, 752 F.2d 406, 409 (9th Cir.

12  1985).  All orders entered by a district court lacking subject matter jurisdiction from ther outset

13  of the litigation should be vacated.  *Stenswick v. Bowen*, 815 F.2d 519, 521 (9th Cir. 1987)

14  (voiding the portion of a federal order for lack of jurisdictional authority); *Toumajian*, 135 F.3d

15  at 658; *Libhart*, 592 F.2d 1066).  Thus, the Court must have jurisdiction in order to approve and

16  enforce a class settlement agreement.

17

18  **D.    The Notice of Removal Failed to Establish Federal Subject Matter**
    **Jurisdiction and Therefore the Motion Must be Denied and the Action**
19  **Remanded to State Court**

20  The sole basis for removal to this court in the Notice of Removal was the allegation that

21  there was federal question jurisdiction under 28 U.S.C. § 1331. [Doc. No. 1].  The basis for this

22  allegation was that the First Amended Complaint now alleged that the Defendants engaged in

23  unfair competition because their employment practices were deceptive, unfair, and unlawful

24  under California law, as well unlawful under federal FLSA law.  These are the alleged predicate

25  violations for the UCL claim, and the First Amended Complaint does not allege an independent

26  claim under the FLSA.  (First Amended Complaint at ¶¶ 123-127.)

27  The fact that the complaint mentions the FLSA as one of the predicate bases for a UCL

28  claim does not confer federal subject matter jurisdiction.  *Pelloni v. WE: Women's*

*Entertainment Network*, 2008 U.S. Dist. LEXIS 89201, *16 (C.D. Cal 2008)("Given the narrow judicial construction of 'substantial federal question' jurisdiction, the mere fact that the UCL claims could be derivative of FLSA or RICO claims does not establish jurisdiction."); see also *Lippitt v. Raymond James Financial Services*, 340 F.3d 1033 (9th Cir. 2003); *California v. Pinnacle Sec.*, 746 F. Supp. 2d 1129, 2010 U.S. Dist. LEXIS 107794 (N.D. Cal. Sept. 30, 2010) (remanding action under section 17200 where "plaintiff has alleged that defendant violated a number of state laws only one of which partially references any federal law"); *Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059, 1067 (N.D. Cal. 2001).  In a UCL claim, "the fact that a federal law is 'borrowed' does not by itself establish jurisdiction in this court."  *Strickland v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 3983, *10 (N.D. Cal. 2011).

State law causes of action can generally give rise to federal question jurisdiction in three situations: where they are completely preempted by federal law, where they raise a substantial federal question, or where they involve a defense of federal preclusion or federal res judicata. *Lippitt v. Raymond James Financial Servs., Inc.*, 340 F.3d 1033, 1042 (9th Cir. 2003).  A substantial federal question only exists when the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005).

In *Pelloni*, the Court explained the standard for removal of state law causes of action, and concluded that a UCL claim which is predicated in part on a violation of a federal law does not result in federal jurisdiction:

> Simply mentioning a federal statute in a complaint is not enough to create federal question jurisdiction.

*Pelloni*, at *10-*11.

In so ruling, the Court in *Pelloni* court expressly rejected the basis for jurisdiction alleged by the settling parties in this case:

> RMH argues that Plaintiffs' two claims under California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 et seq., must reasonably

be construed as pleading violations of the FLSA and RICO, and thus raise substantial federal questions.

*Pelloni*, at *14.

This logic has been squarely rejected by the Ninth Circuit. In *Lippitt v. Raymond James Financial Services*, 340 F.3d 1033 (9th Cir. 2003), the plaintiff brought an action alleging deceptive stock sales practices under § 17200. Defendants sought to remove, saying that plaintiff would "have to rely on a violation of the Exchange Act [or] an infraction of an NYSE rule or regulation to bring a UCL claim." 340 F.3d at 1043. The court rejected this argument, noting that, under California law, to prevail on a UCL claim, a plaintiff "merely has to allege that Defendants' conduct was either unfair or fraudulent," not that some independent law was broken. *Id.*

In their UCL claim based on labor violations, the Plaintiffs explicitly list violations of the California Labor Code. (Compl. at p. 89.) The UCL claim can thus be decided entirely on the basis of state law questions, and in no way requires a court to determine whether Defendants violated the FLSA, as RMH suggests.

*Pelloni*, at *15.

Given the narrow judicial construction of "substantial federal question" jurisdiction, the mere fact that the UCL claims could be derivative of FLSA or RICO claims does not establish jurisdiction. As the Second Circuit has noted, "[w]here a federal issue is present as only one of multiple theories that could support a particular claim. . . this is insufficient to create federal jurisdiction." *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d Cir. 2005).

*Pelloni*, at *16.

Likewise, in *Pope v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 125341; 17 Wage & Hour Cas. 2d (BNA) 322 (E.D. Cal. 2010), the court concluded that where a UCL claim alleged unlawful acts which include violations of federal FLSA law, there is no federal jurisdiction.

"When a claim can be supported by alternative and independent theories—one of which is a state law theory  and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996). Here, plaintiffs have alleged a UCL claim based on a number of "unlawful" acts, which include two FLSA violations in addition to nine violations of the California Labor Code. Because a single unlawful business practice may give rise to liability under the UCL, a jury could very well find that defendant violated the UCL without also finding that it violated the FLSA. Thus, federal law is not a necessary element of plaintiffs' claim.

**Courts have consistently found that federal question jurisdiction does not exist where a plaintiff has alleged a UCL claim based on violations of both state and federal law.** See, e.g., *Fleenor*, 2010 U.S. Dist. LEXIS 81645, 2010 WL 2889767, at *2 (finding no federal question jurisdiction where UCL claim

pled violations of multiple federal and California statutes because the federal violations were not a "necessary element" of the claim); *Pelloni v. WE: Women's Entm't Network*, No. CV 08-05612, 2008 U.S. Dist. LEXIS 89201, 2008 WL 4501845, at *6 (C.D. Cal. Oct. 5, 2008) ("Given the narrow judicial construction [*10] of 'substantial federal question' jurisdiction, the mere fact that the UCL claims could be derivative of FLSA or RICO claims does not establish jurisdiction."); *Holliman v. Kaiser Found. Health Plan*, No. C-06-0755, 2006 U.S. Dist. LEXIS 14627, 2006 WL 662430, at *4 (N.D. Cal. Mar. 14, 2006) (finding no federal question jurisdiction where UCL claim was based on violations of California Labor Code and FLSA); *Roskind v. Morgan Stanley Dean Witter & Co.*, 165 F. Supp. 2d 1059, 1067 (N.D. Cal. 2001) (finding no federal question jurisdiction where UCL claim was based on misleading statements as well as violation of the National Association of Securities Dealers rules); *Castro v. Providian Nat'l Bank*, No. C-00-4256, 2000 U.S. Dist. LEXIS 19062, 2000 WL 1929366, at *3 (N.D. Cal. Dec. 29, 2000) (finding that even if plaintiffs were basing UCL claim on violation of federal Truth in Lending Act in addition to violations of California law, claim did not depend on question of federal law because jury could find UCL violation without finding violation of the Act); *see also Briggs v. First Nat'l Lending Servs.*, No. C 10-00267, 2010 U.S. Dist. LEXIS 35639, 2010 WL 962955, at *3 (N.D. Cal. Mar. 16, 2010); *Gebhard v. Bank of Am., N.A.*, No. 2:09-CV-03159 GEB JFM, 2010 U.S. Dist. LEXIS 20754, 2010 WL 580995, at *7 (E.D. Cal. Feb. 10, 2010).

*Pope*, at *9-*10.[6]

As evidenced by the court's exhaustive review of federal authorities, there is no authority supporting the argument that a UCL claim alleging a predicate violation of the FLSA confers federal jurisdiction.[7]

Finally, in *Strickland v. Wells Fargo Bank*, N.A., 2011 U.S. Dist. LEXIS 3983 (N.D. Cal. 2011), Judge Patel also concluded that federal jurisdiction was lacking, despite the fact that the UCL claim was predicated on violations of FLSA.

It is, however, a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). "When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996) (no federal jurisdiction where state claim looked to the California Constitution, the California Fair Employment and Housing Act and Title VII to evince a public policy against religious discrimination). Here, plaintiffs cite to nine specific provisions of California state law which defendants

---

[6] Unless otherwise indicated, all emphasis added and internal citations omitted.

[7] See also *Williams v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 91158 (C.D. Cal. 2010).

1
2
allegedly violate in addition to the FLSA. Resolution of this case may ultimately hinge on a determination of FLSA non-compliance, or it may not, but this does not alter the fundamental nature of plaintiffs' state law claims.

3   *Strickland*, at *12.

4
5
Because removal was improper and federal jurisdiction lacking, final approval of the settlement must be denied and the action remanded to state court. *Machado*, at *27.

6

7
8
### E.   The Settlement Process Violates the Ninth Circuit's Decision in *Mercury Insurance*

9
10
11
12
13
Plaintiff's settlement violates the *Mercury Insurance* decision, and therefore, as explained in that decision, the instant settlement cannot be approved. The Court of Appeals held that the failure to file the motion for attorneys' fees sufficiently in advance of the objection deadline violates both Fed. R. Civ. P 23(h) and the class members' due process.[8] Here, Plaintiff utterly failed to direct the motion for attorneys' fees such that class members have had no reasonable opportunity to review and object to the claim for attorneys' fees or the motion.

14
15
16
The Court of Appeals in *Mercury Insurance* held that a settlement could not be approved if the settling parties failed to comply with these minimal requirements:

17
18
Although a district court has broad discretion to determine attorneys' fees, it abuses that discretion if it makes an error of law. See *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996) ("A district court by definition abuses its discretion when it makes an error of law."). We hold that the

19
20
21
22
23
24
25
26
27
28
---

[8] Rule 23(h) provides as follows:

(h) Attorney's Fees and Nontaxable Costs. In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. The following procedures apply:

(1) A claim for an award must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision (h), at a time the court sets. **Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.**

(2) A class member, or a party from whom payment is sought, may object to the motion.

(3) The court may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a).

(4) The court may refer issues related to the amount of the award to a special master or a magistrate judge, as provided in Rule 54(d)(2)(D)

---

1
2
3

> district court abused its discretion when it erred as a matter of law by misapplying Rule 23(h) in setting the objection deadline for class members on a date before the deadline for lead counsel to file their fee motion. Moreover, the practice borders on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion.

4   *Mercury Insurance*, 618 F.3d at 993.

5   The Court found that counsel violates their fiduciary duties to the class when failing to comply

6   with these rules:

7
8
9
10

> Allowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee.

11
12
13
14

> In this case, Teachers was denied such an opportunity. At the time that its objections to the fee request were due, Teachers could make only generalized arguments about the size of the total fee because they were only provided with generalized information. Teachers could not provide the court with critiques of the specific work done by counsel when they were furnished with no information of what that work was, how much time it consumed, and whether and how it contributed to the benefit of the class.

15
16
17
18
19
20
21
22
23

> During the fee-setting stage of common fund class action suits such as this one, "[p]laintiffs' counsel, otherwise a fiduciary for the class, . . . become[s] a claimant against the fund created for the benefit of the class." *Class Plaintiffs v. City of Seattle (In re Wash. Pub. Power Supply Sys. Sec. Litig.)*, 19 F.3d 1291, 1302 (9th Cir. 1994) (internal quotation marks omitted). This shift puts plaintiffs' counsel's understandable interest in getting paid the most for its work representing the class at odds with the class' interest in securing the largest possible recovery for its members. Because "the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs." *Id.* As a fiduciary for the class, the district court must "act with 'a jealous regard to the rights of those who are interested in the fund' in determining what a proper fee award is." *Id.* Included in that fiduciary obligation is the duty to ensure that the class is afforded the opportunity to represent its own best interests. When the district court sets a schedule that denies the class an adequate opportunity to review and prepare objections to class counsel's completed fee motion, it fails to fulfill its fiduciary responsibilities to the class.

24   *Mercury Insurance*, at 994-995.

25   Plaintiff's clear violation of these duties in failing to permit review of the motion by class

26   members and failing to even direct class members to where they could review the motion,

27   mandates that settlement approval be denied under *Mercury Insurance*.

28

**F.    The Settlement Violates the Ninth Circuit Decision in *Dennis***

The Settlement also cannot be approved because the cy pres terms plainly violate the decision by the Ninth Circuit Court of Appeals in *Dennis*, 2012 U.S. App. LEXIS 18576. Here, the Settlement Agreement at section 6.1.3 provides for unclaimed funds to be distributed cy pres to the International Rett Syndrome Foundation. However laudable this charity may be, this has nothing to do with employee rights and the distribution of class settlement funds to this charity cannot be approved.

In *Dennis*, the Court addressed the legal standards for cy pres distributions of class settlements. The Court of Appeal confirmed that the beneficiary of the cy pres distribution must be sufficiently related to the class or to the class's underlying claims. *Dennis*, at *3. The Court held that where a settlement of a false advertising claim provided for a cy pres distribution to charities that feed the indigent, the district court abused its discretion in approving the settlement. As the Court explained:

> To avoid the "many nascent dangers to the fairness of the distribution process," we require that there be "a driving nexus between the plaintiff class and the cy pres beneficiaries." *Nachshin*, 663 F.3d at 1038. A cy pres award must be "guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members," *id.* at 1039, and must not benefit a group "too remote from the plaintiff class," *Six Mexican Workers*, 904 F.2d at 1308. Thus, in addition to asking "whether the class settlement, taken as a whole, is fair, reasonable, and adequate to all concerned," we must also determine "whether the distribution of the approved class settlement complies with our standards governing cy pres awards." *Nachshin*, 663 F.3d at 1040.

*Dennis*, at *13

> Our standards of review governing pre-certification settlement agreements [*19] require that we carefully review the entire settlement, paying special attention to "terms of the agreement contain[ing] convincing indications that the incentives favoring pursuit of self-interest rather than the class's interests in fact influenced the outcome of the negotiations." Staton v. Boeing Co., 327 F.3d 938, 960 (9th Cir. 2003). Cy pres distributions present a particular danger in this regard. "When selection of cy pres beneficiaries is not tethered to the nature of the lawsuit and the interests of the silent class members, the selection process may answer to the whims and self interests of the parties, their counsel, or the court." Nachshin, 663 F.3d at 1039.

*Dennis* at *19.

Here, as in *Dennis*, there is no discernable connection whatsoever between the cy pres beneficiary (International Rett Syndrome Foundation) and the class claims at issue. Therefore,

as in *Dennis* the settlement cannot be approved.

### G.    The Settlement Provides for an Unreasonable Service Award Given the Circumstances of this Case

The Settlement before this Court was agreed to at the most early stage of litigation. There had been no significant litigation, no significant discovery, no depositions and no class certification. Indeed, Plaintiff fails to detail any involvement except for consulting with counsel in the context of mediation and settlement. In light of these circumstances, the Settlement term providing for a service award of $30,000 to the Plaintiff is unreasonable.

While there are decisions in which class representatives received awards in the $30,000 range, these decisions make clear that the case was the extraordinary case, involving thousands of hours, several years and significant personal risk and involvement of the Plaintiff. That is simply not the case here.

"The district court must evaluate [named plaintiffs'] awards individually, using relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... [and] the amount of time and effort the plaintiff expended in pursuing the litigation ...." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). "Such awards are discretionary ... and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009).

In *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 2011 U.S. Dist. LEXIS 2225 (N.D. Cal. 2011), the Court reviewed the law applicable to the approval of service awards. In *Wal-Mart*, there was significantly more litigation over several years including depositions of the plaintiffs. Nevertheless, the Court concluded that a service award of $25,000 could not be justified:

Upon review of the record in this case, the Court finds that Plaintiffs are entitled to a reasonable incentive payment. However, the Court finds the requested award

of $25,000 per named Plaintiff to be excessive, in view of the nature of their assistance in this case. First, the Court notes that the named Plaintiffs have not indicated in their declarations the total number of hours they spent on this litigation. Rather, they generally explain that they were deposed, responded to written discovery, and assisted and met with counsel.

*Id.*, at *11.

The Court went on to distinguish the cases that Plaintiff will likely cite:

Second, in arguing that $25,000 is an appropriate award, Plaintiffs cite to cases that are clearly distinguishable. For instance, in *Brotherton v. Cleveland*, 141 F.Supp.2d 907 (S.D. Ohio 2001), the court awarded $50,000 to a single named plaintiff, finding that "she has spent approximately 800 hours working on this litigation." Id. at 914.  By contrast, here, there is no evidence that the named Plaintiffs' involvement reached anywhere near this level.

*Id.*, at *11.

Indeed, the litigation in this case was far less than what was considered in *Wal-Mart*, yet Plaintiff seeks a service award higher than what was sought in *Wal-Mart*.  Such self-dealing in the face of clear contrary authority speaks volumes.

### H.    The Settlement Terms Prohibiting Compensation for Meritorious Objections Violates the Law

Finally, the settling parties have inserted a Settlement term which is both contrary to the law the Ninth Circuit's recent decision in *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 968 (9th Cir. 2009) and is intended to curtail class member involvement.  In section 3.7 of the Settlement Agreement, there is a term which denies class members a recovery of their fees and costs when asserting a meritorious objection.

In *Rodriguez*, the Court of Appeals addressed rules applicable to settlement objections and when the objector is entitled to a recovery:

Under certain circumstances, attorneys for objectors may be entitled to attorneys' fees from the fund created by class action litigation. Nonnamed members of a certified class have the authority to object to the fairness of a settlement at the fairness hearing required by Rule 23(e) of the Federal Rules of Civil Procedure, as well as appeal the court's decision to ignore their objections. See *Devlin v. Scardelletti*, 536 U.S. 1, 8-9, 14, 122 S. Ct. 2005, 153 L. Ed. 2d 27 (2002).

If these objections result in an increase to the common fund, the objectors may claim entitlement to fees on the same equitable principles as class counsel. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051-52 (9th Cir. 2002).

*Rodriguez*, at 658.

The Court explained that a denial of these equitable principles violates the law and constitutes legal error:

> Finally, we turn to the arguments of the attorneys for the Schneider Objectors, who claim their efforts were instrumental in causing the district court to deny fees to class counsel....   Consistent with the Schneider Objectors' arguments, the district court determined on remand that McGuireWoods was not entitled to fees, a decision we now affirm, resulting in direct savings to the class in the amount McGuireWoods would have otherwise received.

> The district court concluded that the Schneider Objectors did not add anything because the district court relied on "its own analysis of the case law laid out by the Ninth Circuit" in *Rodriguez I*. Based on our review of the record, this finding is a clear error... Accordingly, we remand for the district court to calculate the appropriate amount of attorneys' fees that should be awarded to counsel for the Schneider Objectors in light of the benefit they conferred on the class.

*Id.*, at 659.

> Because the district court abused its discretion by denying attorneys' fees to the Schneider Objectors on the ground that the court relied on "its own analysis of the case law," we vacate that fee order and remand for further proceedings consistent with this opinion.

*Id.*, at 660.

Here, Section 3.7 of the settlement agreement violates settled authority and seek to create disincentive for class members who assert meritorious objections.  Therefore, this provision should not be approved and should be given not force or effect.


**IV.    CONCLUSION**

Based upon the foregoing, the requested approval of the class settlement must respectfully be denied.


Dated:  November 15, 2012          **BLUMENTHAL, NORDREHAUG & BHOWMIK**

By:   */s/ Kyle R. Nordrehaug*
Kyle R. Nordrehaug
Attorneys for Plaintiff

1

## CERTIFICATE OF SERVICE [F.R.C.P. §5]

2        I am a citizen of the United States and a resident of the State of California.  I am employed in

3   the County of San Diego, State of California.  I am over the age of 18 and not a party to the within

4   action.  My business address is 2255 Calle Clara, La Jolla, California 92037.  On November 15, 2012,

5   I served the document(s) described as below in the manner set forth below:

6       **(1)**     **NOTICE OF OBJECTIONS TO CLASS SETTLEMENT AND INTENT TO
APPEAR AT FINAL APPROVAL HEARING**

7

8   _XX_  (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through

9         the CM/ECF system at the United States District Court for the Southern District of California

10        which generates a Notice of Electronic Filing to all parties and constitutes service of the

11        electronically filed documents on all parties for purposes of the Federal Rules of Civil

12        Procedure.

13   _XX__  (FEDERAL EXPRESS): I caused the above-described document to be delivered via overnight

14        delivery (Federal Express), by placing a copy in a separate FEDERAL EXPRESS mailer and

15        attaching a completed Federal Express air bill, with Standard Overnight delivery/Priority

16        Delivery requested, and caused said mailer to deposited in the Federal Express collection box

17        at San Diego, California.

18           Casserly v. Randstad Claims Administrator
c/o Rust Consulting

19           PO Box 2396
Faribault, MN 55021-9096

20

21   _XX_  (Federal): I declare that I am employed in the office of a member of the bar of this Court at

22        whose direction the service was made, and that the foregoing is true and correct under penalty

23        of perjury.

24        I declare under penalty of perjury under the laws of the State of California that the foregoing

25   is true and correct.  Executed on November 15, 2012 at San Diego, California.

26                         */s/Kyle R. Nordrehaug*
                            Kyle R. Nordrehaug

27

28