# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No. SA CV 12-1023-DOC(ANx)                      Date: September 24, 2013

Title: GRANT CASSERLY v. RANDSTAD US LP, ET AL.

---

PRESENT:

            THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                            NONE PRESENT

---

PROCEEDING (IN CHAMBERS):   ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

      Before the Court is a Joint Motion for Final Approval of Class Action Settlement (Dkt. 21) in this class action concerning Defendant, Randstad, an employer that Plaintiffs sued for violations of California Labor Code § 203, unpaid wages, meal and rest break violations, illegal record keeping, and California Business and Professions Code § 17200 violations. This Minute Order reflects the findings of the Court after a Final Fairness Hearing that was held before the Court on July 8, 2013., and accompanies the Court's Order Granting Final Approval of Class Settlement, Attorneys' Fees and Costs, and Class Representative Enhancement.

      At a previous hearing on this matter, on December 21, 2012, the Court heard objections from class members LaGuardia and Leas claiming, among other things, that the settlement timeline preliminarily approved by this Court improperly set a deadline to postmark objections and/or Opt-Out for class members that was *before* the filing date for the deadline for Requests Attorney's Fees and Costs in violation of *Mercury Interactive Corp. Secs. Litig. v. Mercury Interactive Corp.*, 618 F.3d 988 (9th. Cir 2010); and that the *cy pres* terms of the proposed settlement violated the settlement rules established by the Ninth Circuit in *Dennis v. Kellogg Co.*,2012 U.S App. LEXIS 18576 (9th Cir. September 4, 2012) by designating "International Rett Syndrome Foundation" the cy pres beneficiary, and that the enhancement award provided to named Plaintiff, $30,000, was too high, considering the relative lack of personal involvement in the case (there were no depositions, for example).

Defendants and Named Plaintiffs submit that, after the Court allowed them time to re-notice and amend their final settlement, *see* Minute Order (Dkt. 33), they have cured the alleged defects in the *cy pres* recipient under *Dennis*, and they have cured notice procedure defects under *Mercury Interactive Corp.* Since that time, objectors LaGuardia and Leas have withdrawn their objections. *See* Withdrawal of Objections (Dkt. 35).

The only remaining Objection (Dkt. 22) is from non-parties and non-class-members Randal Pittman and Jonathan Bromberg, whom, for the reasons discussed at hearing and based on the arguments of Class Counsel at hearing and Defense Counsel in a docketed Reply (Dkt. 26), the Court finds are not a class members, and are not in any way involved in this case. They were never employed in any of the job positions affected by this class settlement, and, as such, they have no standing to object.

With no valid objections remaining, this Court finds that the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, and does not improperly grant preferential treatment to any individuals. The Court finds that the settlement was entered into in good faith. The Court further finds that the settlement is fair, reasonable and adequate and that Plaintiffs have satisfied the standards for final approval of a class action settlement under federal law. The 98.7% participation rate of all eligible class members further suggests a fair and reasonable settlement.

Regarding the enhancement award, the Court finds that $30,000 is excessive. Particularly in light of the named plaintiff's lack of personal involvement in the case, the Court reduces his enhancement award to $5,000.

The attorneys' fees and costs requested under the settlement and by the Motion (Dkt. 21)—$1.225 million in fees and $55,000 in reasonable costs—represents 25% of the common fund, which is well within the benchmarks set by the Ninth Circuit, and lower than fees approved in similar cases.

Accordingly, the Court will GRANT the parties' motion. The final Order will be docketed along with this Minute Order.

The Clerk shall serve this minute order on all parties to the action.